## WRIGHT, ADM'R, v. WILLIAMS AND ANOTHER.

The names of the parties, and the Term of the Court at which a judgment was rendered, do not, in a petition for a writ of error, constitute a sufficient description of the judgment. It seems that the number of the case, or the amount of the judgment, in addition, would be sufficient; or if a citation, containing a sufficient description of the judgment had issued, the objection would be obviated.

Error from Lamar. Motion to dismiss.

*J. T. Mills*, for plaintiff in error.

*Milwee* and *T. J. Jennings*, for defendants in error.

WHEELER, J. The defendants in error have moved to dismiss the writ of error, because the petition does not contain sufficient certainty in the description of the judgment. It is as follows: "The petition of George W. Wright adm'r of "Curtis Jurnagin, deceased, would respectfully represent "that at the Spring Term of the District Court for Lamar

" county, A. D., 1853, there was a judgment rendered against " him, in favor of John R. Croddock, in a suit at that Term " tried, in which your petitioner was plaintiff and said Crod- " dock defendant. Your petitioner charges that said judgment " is erroneous," &c.

It is manifest that this description would apply as well to any other judgment, rendered for the defendant in, error against the plaintiff at that Term of the Court, as to that contained in the transcript brought up upon this petition. The only circumstances of identity, given by the petition, are the Term of the Court and the parties. Process was waived; consequently, there was no citation issued, and the want of certainty in the petition is not cured by anything in the record. Had the number of the case, or the amount of the judgment been given, that might have served sufficiently to identify and distinguish the judgment which it was proposed to have revised, from any other rendered at that Term between the parties; or if there had been a citation, containing a sufficient description of the judgment, the objection would have been thereby obviated. (Hillebrant v. Brewer, 5 Tex. R. 566.) But the petition is manifestly insufficient for the want of the requisite certainty; and as there is nothing in the record, by which it may be amended, the writ of error must be dismissed.

Motion sustained.