WILLIAM R. JOHNSON V. JAMES ROBESON AND OTHERS.

A bond in error made payable to two persons, plaintiffs below, one of whom was dead at the filing of the same, is a nullity, and gives no jurisdiction of the case on the writ of error to the Supreme Court.

The petition for writ of error must be filed and the bond given within two years from the rendition of the judgment to give jurisdiction to the Supreme ourt.

After two years from the date of the judgment, the defects in an error bond, as above named, cannot be cured by executing a new bond to the proper parties.

ERROR from Liberty. Tried below before the Hon. James M. Maxcy.

On the 18th day of October, A. D., 1857, James Robeson and John S. Beale recovered a judgment of William R. Johnson for a half league of land. On the 7th day of March, A. D., 1859, William R. Johnson filed in the office of the clerk of the District Court of Liberty county, a petition for a writ of error, reciting the judgment and praying for citations to be issued for James Robeson and John S. Beale. On the same day, he filed a bond, payable to James Robeson and John S. Beale. On the 2nd day of November, A. D., 1859, William R. Johnson filed in the office of said clerk an amended petition for writ of error in the same case, setting out the filing of the original petition, and that since the filing of the same, petitioner had learned that John S. Beale had departed this life; that he died sometime after the rendition of said judgment; that there was no administration upon his estate; that Elizabeth A. Beale, his widow, and Lucy B., Kate W., and Susan L. Beale, his children, were his only heirs, and prayed for citations.

The defendants moved to dismiss the writ of error; because at the time of filing the original petition, and bond in error, John S. Beale, one of the persons named in the petition and bond, was dead; and filed an affidavit that John S. Beale died anterior to the 1st day of March, 1859,—sometime in the Spring of 1858.

Johnson v. Robeson.

*Ballinger & Jack*, for plaintiffs in error.

*C. L. Cleveland* and *S. A. Thompson*, for defendants in error.

Moore, J.—However great the hardship or apparent the injustice resulting therefrom, under the rules of practice and the law as settled by former decisions of this court, the writ of error in this case must be dismissed. The bond was unquestionably executed after the death of one of the parties to whom it is made payable, and it is clearly, therefore, a nullity, and gives no jurisdiction of the case on the writ of error to this court. (Deal v. Rector, 12 Tex., 99.) It can not be regarded as sufficient to sustain the writ because one of the parties to whom it is executed was living, and because the statute, as is insisted, does not prescribe to whom it shall be executed. If it might, as contended, have been properly executed to the clerk or other officer of court, it must be answered that this was not done. It purports to be given jointly to the plaintiffs in the court below. For the court, because the death of one of the obligees renders it void, to say that it is the bond of one of them only, would be to change by intendment and construction its terms and conditions, and to make it a different instrument from that designed by the obligors when they executed it. But we do not think a bond for a writ of error may be properly given to only one of the parties in whose favor the judgment to be reversed has been rendered. The law contemplates that all the parties to be affected by the writ of error shall be secured by the bond. Nor can the writ and bond be regarded as bringing before the court only so much of the judgment of the court below, as benefits the party who was alive at the time the petition for the writ was filed, and the bond given. Such was not the object or application of the plaintiff in error by his petition for the writ of error, if the judgment may be thus divided and reviewed.

The proposition to amend and cure the defects in the bond by executing a new one to the proper parties, being made after the expiration of two years from the date of the judgment would, if acted upon, be ineffectual to save the writ. The court in the case

of Peabody v. Marks, (Galveston Term, 1860,) decided that the petition for a writ of error must be filed and the bond given within two years from the judgment, to give jurisdiction to this court.

Let the writ of error in this case be dismissed.

Writ of error dismissed.