## W. M. LYELL v. GUADALOUPE COUNTY.

In order to confer jurisdiction upon this court by appeal, it is indispensably necessary that a party intending to appeal shall give notice of such intention during the term of the court at which the judgment was rendered, and that he shall also, within twenty days after the adjournment of such term, file his appeal bond, in conformity with the statute. If either of these, requirements of the statute are not complied with, the jurisdiction of this court does not attach. (Paschal's Dig., Art. 1491, Note 583.)

If no question of jurisdiction were involved, it might well be held that the submission of a cause on its merits, without motion to dismiss the appeal, operated a waiver of all errors and irregularities in taking the appeal.

But consent cannot confer jurisdiction, and though a cause be submitted on its merits, without motion to dismiss the appeal, yet, if it appear by the record that the appeal bond was not filed until after the expiration of the time limited by the statute, this court, of its own motion, will dismiss the appeal.

APPEAL from Guadaloupe. The case was tried before Hon. A. W. TERRELL, one of the district judges.

Suit by the county of Guadaloupe against the appellant for $500, statutory forfeiture incurred by him on account of his failure and refusal to render to the assessor and collector of taxes a list of his taxable property for the year 1859, as required by the 6th section of the act of 11th February, 1850. (Paschal's Dig., Art. 5175.) The defendant plead that he was a resident of Hays county, and that

the District Court of Guadaloupé county had no jurisdiction of the cause. The cause was submitted to the court at the spring term, 1859, and judgment was rendered against the defendant for $20. He gave notice of appeal during the term, but his appeal bond bears date September 20, 1859.

[Mr. Jackson reported the case, and did not send the record to the *Reporter*. He does not say whether there was a motion in the Supreme Court to dismiss the appeal or not, but the judge says there was not.]

*Shelley & Carrington, Smith & Campbell*, for the appellant.

*John P. White* and *W. E. Goodrich*, for the appellee.

COKE, J.—The appeal bond in this case bears date and was filed about ninety days after the adjournment of the term of the court, when judgment was rendered and notice of appeal was given.

The statute regulating appeals provides, that a party intending to appeal shall give notice of his intention during the term, and shall file an appeal bond within twenty days after the adjournment of the court. (O. & W. Dig., Arts. 548, 549; Paschal's Dig., Art. 1491, Note 583.)

In Burr v. Lewis, 6 Tex., 76, it has been held to be indispensably necessary, in order to confer jurisdiction on this court by appeal, that these two requirements of the statute shall be complied with, and that an appeal is not perfected, and that consequently the jurisdiction of the court does not attach, unless the appeal bond is filed within twenty days after the term, although notice of the appeal has been properly given. It is said there that neither of these requirements of the statute alone is sufficient, but that both must concur, otherwise this court has and can entertain no jurisdiction over the case.

We are satisfied of the correctness of the ruling of the court in that case, and regard it as decisive of this.

This case has been submitted on its merits, and no motion made to dismiss the appeal. If no question of jurisdiction were involved, it might well be held that all errors and irregularities committed in taking the appeal had been waived. But consent cannot confer jurisdiction.

We are of opinion that the case is not legally before us for revision, and that it should be dismissed.

ORDERED ACCORDINGLY.