EBENEZER SUMMERLIN ET UX. V. JOHN REEVES, EXECUTOR.

Where the petition for a writ of error omitted the name of a plaintiff, but the writ of error issued by the clerk properly described the judgment, a motion to dismiss will not be sustained. (Paschal's Dig., Art. 1495, Note 587.)

Where one of the plaintiffs is not a party to the writ of error, and is not cited, it is a fatal objection.

In the case of re-hearing or appeal, all parties interested in supporting the decree or order appealed from are entitled to be heard, but no party except the appellant can be heard in support of the appeal.

Error from Goliad. The case was tried before Hon. M. P. Norton, one of the district judges.

Daniel Lloyd and wife, L. L. Lloyd, sued Ebenezer Summerlin and Eliza Summerlin, his wife. Daniel Lloyd died pending the suit, and John Reeves, his executor, was made a party in his stead. The plaintiffs recovered a money judgment and a decree to enforce the vendor's lien. From this judgment the defendants appealed and gave bond on the 5th December, 1858. On the 12th December, 1860, the defendants filed their petition for a writ of error. [I suppose they had not carried up the case on appeal.—*Reporter.*] On the 12th December, 1860, the defendants filed their petition for a writ of error, and in the petition they described the judgment as having been recovered by John Reeves, executor, &c. The error bond contained the same description, but the writ of error by the clerk described the judgment correctly. Reeves alone was served with citation. No notice was taken of L. L. Lloyd, the wife, in any of the proceedings, except to name her, nor is any reason given why she was joined in the suit, except that she joined in the deed conveying the land (the homestead) for which the note was given.

The transcript was filed on the 13th February, 1860. The date of filing the motion to dismiss does not appear, but it must have been *ante bellum.* The defendants in error moved to dismiss, on the following grounds:

"1. The petition for a writ of error is defective, in that it does not describe the parties to the suit.     *     *

"2. L. L. Lloyd, one of the plaintiffs in the case, as shown by the transcript, has not been cited, is not a party to the writ of error.

"3. The sheriff's return upon the writ is insufficient. *     * [Technical.—*Reporter.*]

"4. The bond in error, executed by the plaintiffs in error, is insufficient, because the same is not in double the amount of the sum involved in the case; and because

the same is not under seal; and because the bond was filed two months before the petition was filed. [The bond was not under seal.]

"5. The bond was filed November 12, 1859, and the petition for writ of error on the 12th January, 1860, and the cause was not taken up to the next term of this court thereafter. [But it was.—*Reporter.*]

"6. No notice has been given defendants in error that a motion would be made to file the transcript at this term.

"7. The assignment of errors is filed in a case in which John Reeves, executor of Daniel Lloyd, deceased, is plaintiff, and E. Summerlin is defendant; the transcript is of a case in which John Reeves, executor of Daniel Lloyd, deceased, and L. L. Lloyd, are plaintiffs, and E. Summerlin and wife are defendants."

*F. Faunt le Roy*, for the motion.—As to the first ground, it may be that the court will consider the petition for the writ of error and the citation together sufficient. (Hillebrant v. Brewer, 5 Tex., 566; Turner v. Hamilton, 6 Tex., 250; Wright v. Williams, 12 Tex., 35; Graham v. Sterns, 16 Tex., 153; Forshey v. Railroad Company, 16 Tex., 516.)

As to the second ground, see Hart. Dig., 793.

The third ground is sustained by a recent decision of this court, which I have not at hand.

As to the fourth ground, Hart. Dig., 793; O. & W. Dig., 1817.

As to the fifth ground, 16 Tex., 153.

As to the sixth ground, Hart. Dig., 2939.

As to the seventh ground, Hart. Dig., 793.

No brief for the appellants has been furnished to the *Reporter*.

COKE, J.—A motion is made on various grounds to dismiss this case. And, among others, because the petition for the writ of error describes the judgment as having

been rendered in favor of John Reeves, executor of Daniel Lloyd, deceased, when in fact (and it is so shown by the record) the judgment was rendered in favor of John Reeves, executor of Daniel Lloyd, deceased, and L. L. Lloyd.

The motion to dismiss cannot be maintained on this ground, because the misdescription is cured and the judgment sufficiently identified by the writ of errror issued by the clerk, which does sufficiently describe the judgment complained of and the parties to it. (Hillebrant v. Brewer, 5 Tex., 568; Wright v. Williams, 12 Tex., 36.) `

Another ground assigned in the motion is, that L. L. Lloyd, one of the parties in whose favor the judgment was rendered in the court below, is not cited, and is not a party to the writ of error.

This is a fatal objection to the writ, for which the case must be stricken from the docket.

. The judgment sought to be revised is indivisible. It is rendered in favor of the two plaintiffs, John Reeves, executor, and L. L. Lloyd. The latter is not informed that her rights in this judgment are assailed in this court. It is a dictate of natural justice, as well as a general principle of law, that every person to be directly affected in his interest or rights by the judgment of a court of record is entitled to be named or described in the suit, to have notice of it, and an opportunity of being heard in defense of his rights.

Proceedings by writs of error are not exempt from the operation of this rule. (Burleson v. Henderson, 4 Tex., 56; Porter v. Rumey, 10 Mass., 66; Johnson v. Robeson, Galveston T., March 30, 1864,) [27 Tex., 526.]

Mr. Daniel, in his Treatise on Chancery Practice, deduces the rule from the authorities, that "in the case of a re-hearing or appeal, all parties interested in supporting the decree or order appealed from are entitled to be heard; but no party except the appellant can be heard in support of the appeal."

It is unnecessary to adduce additional argument or authority in support of a proposition so plain. The motion to dismiss is sustained.

DISMISSED.