SMITH & WILLIAMS v. W. J. PARKS.

(Case No. 2655.)

1. APPEAL BOND — JURISDICTION.— More than a year before the rendition of a judgment in the district court, the original plaintiff died, and judgment was rendered in favor of his widow and children, who had been made parties. A bond intended as an appeal bond was made payable to the original plaintiff by name, and describing him as "the plaintiffs in this suit." The caption of the bond contained the name of the deceased plaintiff, in the style of the suit, and in the body of the instrument it was stated that he had recovered a judgment against the appellants. *Held,*

(1) The descriptive words of the bond in which the original

plaintiff, after being mentioned, was designated as "the plaintiff in this suit," could not be construed to relate to his heirs or legal representatives, who were the real parties.

(2) The instrument could confer none of the benefits of an appeal bond on the parties who actually obtained the judgment, if the judgment should be affirmed.

(3) The instrument could not suspend the enforcement of the judgment and was a nullity.

APPEAL from Johnson. Tried below before the Hon. A. J. Hood.

Suit by W. J. Parks in his life-time, brought April 1, 1871, against Thomas V. Smith, —— Williams and C. R. Johns & Co., in trespass to try title to one hundred and sixty acres of land, claimed by virtue of his pre-emption claim to the same, and to cancel the patent which had been issued, and under which the defendants claimed, to the same land. At the December term, 1873, Mary Parks, representing herself as the surviving widow of the original plaintiff, with certain of her children, appeared by an amended petition as parties plaintiff, suggesting the death of W. J. Parks, and proceeding to amend the petition by allegations to show that there was no necessity for administration on the estate of W. J. Parks, deceased; and to amend in other respects not essential to be noticed. At the next preceding term, 1873, the court had made an order based on a suggestion of the death of the plaintiff, and continuing the cause to make the legal representatives of the plaintiff parties plaintiff. The record does not show that any steps were taken to make parties in pursuance of the above order, and it appeared therefrom that at the April term, 1874, the defendants answered to the amended petition filed by Mrs. Parks and her children. At the September term, 1874, they amended their answer, setting up their full defense on the facts of the case; and at the same term the plaintiffs above named filed their replication thereto. There was a trial before a jury at the September term; verdict for the plaintiffs, and judg-

ment rendered in accordance with the verdict, adjudging "that the plaintiffs, Mary Parks (widow of W. J. Parks), Reuben, Jeff Davis, Nancy and Jo. Lee Parks, the last four being minor heirs of W. J. Parks, deceased, do have and recover from the defendants, T. V. Smith, Charlotte Williams, C. R. Johns, E. Kirby, Von Rosenberg and Everetts, the last four comprising the firm of C. R. Johns & Co., the following described tract of land, containing one hundred and sixty acres." The judgment proceeded to describe the land according to the boundaries set out in the original petition, and as being the pre-emption claim of W. J. Parks. The judgment further decreed the cancellation of the patent of the defendants, described in the plaintiffs' petition, so far as it conflicted with the one hundred and sixty acre pre-emption claim.

The exceptions of the defendants to the pleadings of the plaintiffs do not appear to have been relied on, or called to the attention of the court for its action; nor was there any exception taken to the sufficiency of the parties plaintiffs to prosecute the suit. The action of the parties seems to indicate a recognition of the substituted plaintiffs as proper parties, and the cause was tried apparently upon that assumption.

The defendants, after the overruling of their motion for a new trial, gave proper notice of appeal to the supreme court, and within due time, for the perfection of the appeal filed the following as their appeal bond, viz.:

"DISTRICT COURT, August, 1874.
"W. J. Parks v. Smith & Williams.

"Whereas the plaintiff, W. J. Parks, in this suit recovered a judgment in the district court, holden in and for the county of Johnson, on the 12th day of September, 1874, against T. V. Smith, —— Williams and C. R. Johns & Co., for one hundred and sixty acres of land, lying and situated. in Johnson county, Texas, and fully described in their petition, plaintiff claiming said land as

a pre-emptionist, and also judgment for costs in said suit, from which judgment the said T. V. Smith, —— Williams and C. R. Johns & Co. have appealed to our supreme court: Now, therefore, we, T. V. Smith, —— Williams and C. R. Johns as principals, and . . . as sureties, acknowledge ourselves bound to pay to W. J. Parks, the plaintiffs in this suit, the sum of three hundred dollars, conditioned that the said T. V. Smith, —— Williams and C. R. Johns & Co. shall prosecute their appeal with effect, and perform the sentence, judgment or decree of the supreme court in case the decision of said court shall be against the appellant.

" Witness our hands this the 29th day of September, 1874.

(Signed)                                  "T. V. SMITH,
                                          " JAMES H. OWENS,
                                          " J. J. RAMSEY."

*Terrell & Walker*, for appellants.

*B. F. & W. S. Bledsoe*, for appellees.

[Briefs of counsel were silent as to validity of the appeal, and were confined to a discussion of questions not necessary to notice in view of the opinion.]

WALKER, P. J. COM. APP.— It has long been settled, that, in order to confer jurisdiction on the supreme court by appeal, that the appeal to it must be perfected by the concurrence of two facts: notice of appeal duly given, and the giving an appeal bond within the time prescribed by law; and that without such concurrence this court has and can entertain no jurisdiction over the case. Burr *v.* Lewis, 6 Tex., 76; Lyell *v.* Guadalupe Co., 28 Tex., 57; Freestone County *v.* Bragg, id., 91; Loftin *v.* Nalley, id., 127.

No exception has been taken in this court by the appellees to the court's jurisdiction, nor to the incomplete-

ness in the perfection by appellants of their appeal; but the cause has been submitted on its merits. But consent cannot confer jurisdiction; and though a cause be submitted on its merits without motion to dismiss the appeal, yet, if it appear by the record that the court does not possess jurisdiction, it will not attempt to exercise it, and in such case this court will, of its own motion, dismiss the appeal. Lyell *v.* Guadalupe County, *supra;* Loftin *v.* Nally, *supra;* Chambers *v.* Miller, 7 Tex., 75. Questions which involve the jurisdiction of the court will be considered at any time that they may come to the notice of the court, however great the lapse of time may have been after docketing the cause in this court, and whether raised by motion to dismiss, or brought to the attention of the court in any other way. Evans *v.* Pigg., 28 Tex., 590.

The appeal bond in this case is not made payable to the plaintiffs in whose favor the judgment appealed from was rendered. An objection so grave as this extends beyond a question of informality, or mere irregularity in the form of the bond. The appellees were entitled, when their judgment was appealed from, to be secured by a bond which conformed substantially to the requirements of the statute, and which is consequently not liable to defenses of any character when it is sought to be enforced. Janes *v.* Langham, 29 Tex., 418. And if an appeal bond does not contain the conditions required by the statute, and by reason thereof does not afford that security to the rights of the appellee intended to be given by the law, the appeal will be dismissed. Doss *v.* Griswold, 1 Tex., 100.

Held, in Deal *v.* Rector, 12 Tex., 99, that where an appeal bond is executed after the death of the obligee, the bond is a nullity, and the appeal will be dismissed. The dismissal in that case was rested by the court on the ground that an appeal bond is essential to the exercise of

the jurisdiction of the court, and that a bond payable to a
person after his decease, being confessedly null and void,
the appeal was deprived of its necessary support.    See
also Chambers *v.* Miller, 7 Tex., 75.

The record in this case shows that the obligee named in
the bond died more than a year before the trial of the
cause; yet the bond is made payable to him by name, and
describes him in the plural number as " the plaintiffs in
this suit." The preceding part of the bond renders it im-
possible to give aid by a liberal interpretation to the above
feature in this instrument.    If the words " as plaintiffs "
are sought to be referred to the actual plaintiffs in the
judgment, by construing the descriptive phrase " W. J.
Parks, as plaintiffs in this suit," to relate to the heirs or
legal representatives of W. J. Parks, so that it might be
reasonably held, in the absence, at least, of exceptions
taken to the bond by the appellees, that the obligation,
considered as a whole, was payable to the plaintiffs in the
judgment, we are opposed in this view by recitals in it,
throughout, which disallow such an interpretation.    For
those recitals are consistent only with the hypothesis that
the obligors meant to make the bond payable to W. J.
Parks, and to no other person.    Thus, the caption of the
bond is entitled, " W. J. Parks *v.* Smith & Williams; "
further, it recites that " the plaintiff, W. J. Parks, in
this suit, recovered a judgment," etc., against the appel-
lants, and there is no reference in the instrument to any
thing in the record, as, for instance, the number of the
case, except the identity of some of the parties, and the
amount of land in controversy, whereby to show that
Mrs. Parks and the other plaintiffs were intended as the
obligees, rather than W. J. Parks.

This bond could not have served the actual plaintiffs in
the judgment any of the uses or benefits contemplated by
the statute which entitled them to have an appeal bond in
case the judgment should be affirmed; and it is wanting

in that essential requirement of an appeal bond, without which completeness in all other particulars becomes utterly vain.

It was not, indeed, a bond payable to the appellees in the judgment, and it did not have the effect to suspend the enforcement of the judgment; it was a nullity.

It is our opinion, therefore, that the supreme court has no jurisdiction of this appeal, and that the proper determination of it is to dismiss the appeal, for that cause.

APPEAL DISMISSED.

[Opinion delivered April 19, 1881.]