### H. & T. C. R. R. Co. v. H. C. McGLASSON.

(No. 1753, Op. Book No. 2, p. 382.)

APPEAL from McLennan County.   Opinion by WALKER, R. S., P. J.

§ 1119. *Jurisdiction; on appeal, record must show, of the court below.*   In this case the amount in controversy was less than $200, and there was nothing in the record to show in what manner the county court acquired jurisdiction of the case.   All that appeared in the transcript was the judgment of the county court and proceedings subsequent thereto.   *Held,* this suit was for an amount below the original jurisdiction of the county court, and unless its jurisdiction to entertain it, by an appeal or by writ of *certiorari,* is manifest from the record, the record would be wholly wanting to show the essential fact authorizing that court to hear and determine the cause. The jurisdictional facts necessary to entitle the court to entertain a suit must be made to appear from the record, and, if they do not, the court will refuse to entertain the jurisdiction of it.   In such case the court will, as it now does, of its own motion dismiss it.   [Lyell v. Guadalupe Co. 28 Tex. 57; Loftin v. Nalley, id. 128; Chambers v. Miller, 7 Tex. 75.]   The record must show the court affirmatively how the court below acquired jurisdiction. [Chrisman v. Graham, 51 Tex. 454.]

§ 1120. *Transcript; responsibility of appellant for correctness of.*   The appellant is made responsible under the " rules " for bringing up a correct transcript; and if by inattention he has both failed to do so in the first instance, and in the appellate court has neglected to supply omissions in it by writ of *certiorari* to perfect it, he must be contented with submitting to the consequences of the dereliction.

June 8, 1881.                                     Appeal dismissed.