## J. J. CASON ET AL. V. JOHN LANEY.

### No. 3063.

**Appeal from Justice Court—Bond.**—Judgment was rendered in a Justice Court for the value of personal property seized by a sheriff, against the parties causing the seizure and against the sheriff. The sheriff had also judgment over against his indemnitors, who were made parties. Appeal was taken to the District Court, and an appeal bond regular in all respects was executed to the plaintiff alone, not including the sheriff as an obligee. After several terms had passed in the District Court to which appeal had been taken, at which terms the plaintiff had amended his account, his motion to dismiss the appeal, because "the appeal bond was not conditioned as the law requires," was sustained. The sheriff had also a motion to dismiss because the bond was not payable also to him. The sheriff's motion was not called to the attention of the court and was not acted upon. Upon appeal, *held:*

1. The general objection to the bond made did not raise the defect, if it be defective.
2. The delay and the proceedings had during the delay constituted a waiver of the irregularity.
3. The defect was not jurisdictional.

APPEAL from Camp. Tried below before Hon. JOHN W. HOOPER, Special District Judge.

The opinion states the case.

*M. L. Morris,* for appellants.—1. The court is not called upon to consider any defect in an appeal bond unless its attention is called to it by motion, as it is a matter of jurisdiction waived if not objected to at the proper time. Saylor v. Marx, 56 Texas, 90; Zapp v. Michaelis, 56 Texas, 395.

2. The court erred in dismissing the appeal, because appellants' appeal bond in every way complies with the law, in that it properly describes the judgment, in giving the name of the justice of the peace before whom rendered, the style and number of the suit, the amount of the judgment, the names of the parties to it, and its date, and is payable to John Laney, appellee, in a sum of money more than double the amount of the judgment and costs, is conditioned as required by law, and is signed by two sureties, and was filed and approved within the time required by law. Rev. Stats., art. 1639; Wilkes v. Adler, 68 Texas, 689.

No brief for appellee reached the Reporter.

MARR, JUDGE, *Section A.*—The appellee filed suit in a Justice Court against J. J. Cason, the surviving partner of W. M. Cason (now deceased) & Bro., and against W. B. Downing and J. D. Stafford, sheriff of Camp County, for the conversion of 2000 pounds of seed cotton, and recovered jointly against all of the defendants the sum of $46.41. The conversion was by virtue of a writ of attachment sued out in another

suit by appellant J. J. Cason against the property of one D. P. Seay, and levied by defendant Stafford upon the cotton, etc.    Cason had given Stafford an indemnity bond, with J. W. Wardlow, W. H. Burrass, and J. A. Bailey as sureties.   Before the trial of the present case in the Justice Court, Stafford caused the sureties on the indemnity bond to be made parties to the suit, and at the trial obtained judgment over for a similar amount to that recovered by the appellee.    The appellants J. J. Cason and W. B. Downing appealed from the judgment in favor of the appellee to the District Court, where, upon motion of the plaintiff (the appellee), their appeal was dismissed, and they have appealed to the Supreme Court from the last mentioned judgment.

The District Court held their appeal bond to be insufficient.    The bond was conditioned as the law directs, and had been duly approved by the justice, and was for a sufficient amount.    It was made payable to the appellee John Laney, but not to the sheriff J. D. Stafford.    That was the only defect in the bond, if such omission can be deemed to be a defect in the present case.    But the plaintiff on his motion to dismiss the appeal did not present the point.    The nearest approach to it is the following objection to the bond, viz.: "3. The appeal bond is not *conditioned* as the law requires."    The bond is conditioned substantially as the law requires, and the objection therefore is general and does not reach the supposed defect.    The sheriff, however, filed a motion to dismiss specifically upon the above ground, but his motion was not called to the attention of the court.    At least the judgment distinctly recites that it was plaintiff's motion which was sustained.    It is fair, therefore, to infer that Stafford did not insist upon his motion, and he is the only party having any interest in the question.

But again, it appears from the record that several terms of the District Court had elapsed after the perfecting of the appeal from the Justice Court before the motions to dismiss were filed, and that prior to the filing of the motions the plaintiff had appeared in the District Court, and under leave of the court amended his original account.    This might well be held to be a waiver of any formal defects in the bond, not of a fundamental nature, going to the jurisdiction of the court.    It was a submission by the plaintiff to the jurisdiction of the court acquired through the bond which the appellants had executed.    Saylor v. Marx, 56 Texas, 92.

For the reasons above indicated, we think that the judgment ought to be reversed and the cause remanded.

*Reversed and remanded.*