A. M. DAVIS ET AL. v. B. T. ESTES, ADMINISTRATOR, ETC.

No. ⁵⁸⁴.

1. **Failure to File Transcript—Affirmance on Certificate.**—When notice of appeal is given, and supersedeas bond is filed in time, but the transcript is not filed within the time prescribed by law, appellants can not defeat a motion to affirm on certificate, on the ground that the supersedeas bond omits or is defective in statutory conditions.

2. **Same—Writ of Error.**—Nor. in such case, can the motion to affirm on certificate be defeated, upon the ground that a writ of error had been sued out, when it appears that the writ of error was sued out and perfected at a date too late for the cause to be submitted during the term at which the affirmance was asked.

3. **Excuse for Delay in Filing Transcript.**—The facts alleged in a motion to permit the transcript to be filed after the legal time of filing has elapsed, if not in some other way verified, must be apparent of record, or they will not be considered.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*Talbot & Hart*, for appellants, resisting the motion to affirm on certificate.—1. An appeal bond not conditioned as required by law is insufficient to give this court jurisdiction.

2. The appeal and writ of error being returnable to the same term of this court, and it being apparent that the appeal was not taken for delay, the motion to affirm on certificate will be refused. Thomas v. Thomas, 57 Texas, 516.

*Henry & Henry*, for appellee.

FINLEY, ASSOCIATE JUSTICE.—October 19, 1892, appellee obtained a judgment in the District Court of Bowie County against appellants, for the recovery of a lot of land situated in the town of Texarkana, and costs of suit. On the same day appellants gave notice of appeal, and on November 9 they had approved and filed a supersedeas appeal bond. No transcript was filed in the appellate court within the time prescribed by law; and on June 14, 1893, the appellee filed a certificate and motion for affirmance in the Court of Civil Appeals of the Second District, to which the cause was then returnable, to which motion the appellants filed opposition in said court, and the same was submitted. Subsequently the sub-

mission was set aside, the motion continued, and the cause transferred to this court.

The certificate and motion for affirmance are in legal form, and present a proper case for the summary disposition asked, and the court should grant the motion, unless there be sufficient legal reasons shown in appellants' opposition to defeat the right to an affirmance on certificate. The grounds relied on to defeat the affirmance are, that the appeal bond filed is defective and insufficient to give this court jurisdiction, and that on June 10, 1893, two of the five appellants, viz., W. C. Hardin and the Muldoon Monument Company, sued out and perfected a writ of error. The appeal bond is defective in its conditions; it is as follows:

" Conditioned, that the defendants herein shall prosecute this appeal with effect, and in case the judgment of the said Court of Civil Appeals shall be against the defendants herein, they shall perform the judgment, sentence, or decree of the said Court of Civil Appeals, and pay all such damages as said court may award against the defendants herein," etc.

The law requires that the bond shall be conditioned, " that appellant shall prosecute his appeal with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence, or decree," etc. Gen. Laws, called sess. 23rd Leg., p. 44, art. 1404.

Does the defect in the appeal bond prevent this court from acquiring jurisdiction of the cause? If so, we are without power to affirm the judgment. Our Supreme Court has repeatedly held, that an appeal bond must substantially comply with the statutory conditions before that court could acquire jurisdiction. Doss v. Griswold, 1 Texas, 99; Young v. Russell, 60 Texas, 684.

Errors in matters of description are held not jurisdictional, and are waived if not objected to in proper time. Zapp v. Michaelis, 56 Texas, 395. It also holds that defects in amount and number of sureties may be cured by the filing of a new bond. Shelton v. Wade, 4 Texas, 148; Hollis v. Border, 10 Texas, 277; Scranton v. Bell, 35 Texas, 413; Long v. Smith, 39 Texas, 161; King v. Hopkins, 42 Texas, 48.

In the Tynberg case, 76 Texas, 409, without overruling any previous decisions of the court, but with the evident purpose of interpreting and limiting previous judicial expressions on the subject, Chief Justice Stayton, speaking for the court, says:

" The main purpose of a bond is to give security to the adverse party, and if the bond filed be not such in all respects as the law requires for this purpose, this court will not consider the case over the objection of the party entitled to such protection, if objection be made in the proper time and manner. There are expressions to be found in opinions from which it might be inferred that the giving of a bond strictly in accordance with the statute was essential to the jurisdiction of this court; but

it must be understood that the Constitution confers on this court what jurisdiction it has as to subject matter, and that parties may waive irregularities as to matters intended solely for their benefit." See, also, Ricker, Lee & Co. v. Collins, 81 Texas, 662.

It will thus be seen that our Supreme Court has taken jurisdiction in cases where the defects in appeal bonds could be, and were, waived by the parties for whose benefit the bonds were given; or where such defects could be, and were, cured by filing new bonds. In entertaining jurisdiction under such conditions, the court has done so, not by express statutory direction, but through authority of statutory construction.

In creating this court, the Legislature enacted an additional provision of law governing the subject of defective appeal bonds, as follows: " When there is a defect of substance or form in any appeal or writ of error bond, on motion to dismiss the same for such defect, the court may allow the same to be amended by filing in said Court of Civil Appeals a new bond on such terms as the court may prescribe." Gen. Laws, called sess. 22nd Leg., p. 32, sec. 39.

Now this court, by express provision of statute, is required to treat defects in appeal bonds, in substance or form, in the same way that the Supreme Court, under right of construction, treated defects in amount and number of sureties, viz., allow them to be cured by the filing of new bonds. Upon the same principle that the Supreme Court took jurisdiction in such cases, this court will take jurisdiction of appeals on the filing of bonds, the defects in which it must allow cured under express statutory provision. In the light of the decisions of our Supreme Court and the recent act of the Legislature before quoted, we conclude that this court acquired jurisdiction of this cause upon the approval and filing of the appeal bond in the court below.

The defect in the appeal bond not being a jurisdictional matter, the appellants will not be permitted to successfully urge it, their own wrong, in opposition to the right of appellee to an affirmance. The fact that a writ of error has been sued out and perfected at a date too late for the cause to be submitted during the term at which the affirmance was asked, furnishes no legal ground for us to refuse the motion. Perez v. Garza, 52 Texas, 571.

Appellants also seek to excuse themselves for not filing the transcript on appeal in the time required by law, and ask, in case the court takes jurisdiction, that they now be permitted to file the transcript. The facts touching this point are not verified in any way, and are not apparent of record, and we can not therefore consider them.

Motion to affirm the judgment against appellants and sureties granted.

*Affirmed.*

Delivered September 13, 1893.