### G. W. FUTCH ET AL. v. H. F. PALMER ET AL.

#### No. 930.

**1. Appeal Bond—Waiver.**

Long delay in making a motion to dismiss an appeal for irregularities in the appeal bond, and consenting to numerous continuances of the case, will operate as a waiver of the objections.

**2. Same—Unnecessary Party Does Not Render Void.**

Where an appeal bond is made payable to all proper parties, the fact that it is also payable to one who is not a party, is an irregularity that does not render the bond void.

ERROR from the County Court of Rusk. Tried below before Hon. S. J. HENDRICK.

*John R. Arnold,* for plaintiffs in error.

*J. H. Turner,* for defendants in error.

WILLIAMS, ASSOCIATE JUSTICE.—H. F. Palmer, one of appellees, brought suit in Justice's Court against The Farmers' Alliance Co-Operative Association of Rusk County, a private corporation, to recover money due for goods sold it, joining its five directors, and seeking to make them liable on account of alleged unlawful disposition of its assets. Pending the suit, McAnulty, one of the directors, died, and the cause abated as to him. The justice of the peace rendered judgment in favor of plaintiff against the corporation, and against the other four directors, to be satisfied, first, out of property of the corporation. The directors appealed to the County Court, giving bond payable to the plaintiff Palmer, to the corporation, and to the deceased McAnulty, his heirs and executors, which was, in all other respects, in compliance with law. The cause was, by consent, continued from term to term in the County Court for nearly two years, after which the plaintiff, Palmer, filed a motion to dismiss the appeal on the ground that there was "no bond filed herein, as required by law, in that said bond is made payable to other and different persons than those required by law, and to persons who are not parties to this suit." Upon this motion the appeal was dismissed.

The long delay in making the motion and the consent of plaintiff to the numerous continuances, operated as a waiver of all defects or informalities in the bond which were not such as to render it void and defeat the jurisdiction of the court. Cason v. Laney, 82 Texas, 318; 18 S. W. Rep., 667; Railway v. Moseley, 27 S. W. Rep., 1058; Zapp v. Michaelis, 56 Texas, 395.

An appeal bond, where one is required by law, is essential to the jurisdiction of the appellate court, and an instrument given as such, but which is void, does not confer jurisdiction. Smith v. Parks 55 Texas, 82; Deal v. Rector, 12 Texas, 99.

On the other hand, a bond may be so informal and defective as to entitle an appellee to a dismissal, if motion therefor be made in proper time, and still be sufficient to confer jurisdiction if no objection should be made to it. Tynberg v. Cohen, 76 Texas, 418; Ricker v. Collins, 17 S. W. Rep., 378.

It may be difficult, under our decisions, to determine accurately the cases which belong to each of the two classes, but there is such a distinction to be observed as that stated.

It is decided that a bond payable to the original party to the suit, who has died, and whose representatives are parties to the proceeding, and not payable to any of the parties to the suit, is a nullity, and does

not confer jurisdiction. Smith v. Parks, 55 Texas, 82; Deal v. Rector, 12 Texas, 99.

It was held in Jones v. Langham, 29 Texas, 418, that an error bond, payable to the two parties who had jointly recovered judgment in the District Court, and one of whom had subsequently died and his heirs had been made parties to the writ of error, was insufficient, and the writ of error was dismissed on motion. It was said that the bond was a nullity and did not confer jurisdiction, but there was a motion, made in proper time, to dismiss. Other cases have been dismissed where the bond was not payable to persons who were held to be adversely interested to the appellant or plaintiff in error, the action being taken sometimes on motion made in due time, and sometimes apparently by the court, without motion. Greenwade v. Smith, 57 Texas, 195; Young v. Russell, 60 Texas, 684; Harvey v. Cummings, 62 Texas, 186; Meade v. Bartlett, 77 Texas, 366.

The remarks of Judge Stayton in Tynberg v. Cohen, 76 Texas, 418, explain the law upon the subject.

All of the cases referred to, however, are distinguishable from this by the fact that in them the bonds were not made payable to parties in whose favor the law required bonds. Here the bond is payable to every party to the suit, and they are all made parties to the appeal. It was at least permissible for the parties appealing to give bond to the corporation in order to bring it before the County Court for a trial *de novo.* It was not proper to make the bond payable to the dead defendant or his representatives. He being dead, the obligation to him was a nullity. His representatives were not parties to the suit, and the bond, as to them, was purely voluntary, and therefore of no effect. They have no rights under it and no remedy upon it. But the others to whom it is payable are secured by it, because the law required a bond for their benefit. The purpose of the bond is to secure to each party to whom it is required to be payable, the rights and relief that may be adjudged to him in the appeal. That right or relief may be several, or may be obtained jointly with other obligees. The fact that the bond by its terms is made payable to persons who thereby secure no rights under it, does not impair the rights or remedies of the obligees who do. This is obvious when the obligation attempted to be assumed to others than parties to the suit is a mere nullity and may be disregarded by the court. As the bond was payable to all persons who could be affected by the appeal, we are of the opinion that it gave jurisdiction to the court, and that appellee had waived the objection urged to it. Whether that objection would have been good if urged in time, we do not determine.

*Reversed and remanded.*

Delivered October 17, 1895.