# FIRST DISTRICT, 1896.

LEVI BLAKEY v. MRS. S. R. PERRY.

Delivered December 3, 1896.

**Administrator's Sale—Confirmation—Presumption.**

The plaintiff offered an administrator's deed which recited a sale and an order of confirmation of particular dates, and produced only an order of confirmation of a much later date, confirming a resale of lands not identified otherwise than by a deed produced by defendant. No reason was given for the nonproduction of the order recited in the plaintiff's deed. Held, that it will not be presumed that the order produced was in confirmation of the sale evidenced by plaintiff's deed.

APPEAL from Cass. Tried below before Hon. JOHN L. SHEPPARD.

*Schluter & Allday,* for appellant.—The validity of W. S. Todd's act in executing the deed to Jephtha D. Crawford depended upon the power granted by the Probate Court, and the failure to produce the order of confirmation recited in said deed, or to show that the records of the Probate Court had been destroyed or otherwise rendered inaccessible, rendered said deed inadmissible in evidence. Tucker v. Murphy, 66 Texas, 355; Riley v. Pool, 24 S. W. Rep., 85.

*Todd & Todd,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—A former judgment in favor of appellant was reversed by the Court of Civil Appeals for the Fifth District, and the cause was remanded for a new trial. Perry v. Blakey, 23 S. W. Rep., 805.

At the trial which resulted in the judgment from which this appeal is prosecuted, the same evidence was introduced as that upon which the former appeal was determined, and, in addition thereto, a deed was introduced from W. S. Todd, administrator of the estate of J. H. Johnson, deceased, to Jephtha D. Crawford and James D. Todd, of date January 20, 1852, conveying other lands of said estate. This deed recited that the lands conveyed by it had been sold by the administrator on the first Tuesday in September, 1851, in pursuance of the former orders of sale recited in the report of the former decision, that Todd and Crawford had become the purchasers, and that such sale had been confirmed at the November term, 1851.

The court, in the decision referred to, held that the order of confirmation of November, 1851, might, in the absence of all evidence of any other sale, be presumed to refer to the sale recited in the deed under which plaintiff claims the land in controversy. Hence the state of the

case is different in this important particular from that upon which the court then passed. The deed under which plaintiff claims is dated May, 1850, recites a sale made on the first Tuesday in April, 1850, and an order of confirmation by the Probate Court at its April term, 1850. The only order of confirmation produced by plaintiff is that of November, 1851, which mentions the sale confirmed as a "resale," and orders the administrator to proceed "against defaulters at the first sale reported for the deficit in the amount of sale," etc., and describes no land whatever. From this it is evident that there had been two sales made and reported, and that some of the purchasers at the first sale had not complied with the terms of sale, and hence took no title. It is only the resale that is confirmed. What lands were sold thereat, there is nothing in the proceedings to show. The deed offered by defendant at the last trial shows that some of the lands resold, not including that in controversy, were purchased by Jephtha D. Crawford, and this explains the mention of his name in the order.

With the case standing thus, we do not see how it can now be assumed that that order is an express confirmation of the sale under which plaintiff claims. The plaintiff offers a deed which recites a sale and an order of confirmation of particular dates, and produces only an order of confirmation of a much later date which confirms a resale of lands which are not identified otherwise than by the deed produced by defendant, and orders the administrator to proceed against defaulting purchasers at some other sale. No reason is given for the non-production of the order recited in the deed relied on by plaintiff. It is not shown that it cannot be had. The presumption is that, if ever entered, it still exists. The transcript of orders produced by plaintiff from the probate records of Red River County does not purport to contain the whole of that record, but only copies of the particular orders mentioned; so, at least, the record before us represents it. Hence the court is not at liberty to indulge in presumptions as to its former existence or draw inferences from that which is produced. The party relying on the order should produce it or show that he cannot do so. Tucker v. Murphy, 66 Texas, 355; House v. Brent, 69 Texas, 30; Hill v. Templeton, 29 S. W. Rep., 536. If he shows he cannot produce it, then the question will arise whether or not its existence should be presumed. White v. Jones, 68 Texas, 639; Baker v. Cox, 20 Texas, 430.

We call attention to the fact, however, that there is no evidence of the exercise of ownership or the assertion of title to the land under this deed, prior to the institution of suit, except the conveyance of it by Crawford to plaintiff in 1859; nor of the absence of claim under Johnson. It does not appear how defendant claims.

It is unquestionably true that the proceedings of probate courts are to be upheld when this can be done by liberal construction, and that they are not to be disregarded because of mere irregularities. But the difficulty here is that plaintiff fails to show that the Probate Court took any action upon the sale upon which she relies for title; and she has not

produced evidence of a state of facts to justify the presumption that the necessary action was had.

The judgment in favor of plaintiff, in our opinion, is erroneous, and hence it is reversed.

*Reversed and remanded.*