## SIMMANG v. CHENEY et al.

(Court of Civil Appeals of Texas. San Antonio. April 16, 1913.)

1. APPEAL AND ERROR (§ 334*)—WRIT OF ERROR—PARTIES.

A petition for writ of error, naming three persons as defendants in error, could not be considered as the suing out of a writ of error as to the executrix of one of them, who had previously died.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1848, 1851–1863; Dec. Dig. § 334.*]

2. APPEAL AND ERROR (§ 395*)—WRIT OF ERROR—BOND.

Where the obligee in a bond given for writ of error was dead when the bond was executed, it was a nullity, and could confer no jurisdiction on the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2058, 2064–2070, 2085, 2086, 3127; Dec. Dig. § 395.*]

Error to District Court, Bexar County; A. W. Seeligson, Judge.

Action between Frank Simmang and George P. Cheney and others. From a judgment in favor of the latter, Simmang brings error. Dismissed.

Jno. C. North, of San Antonio, for plaintiff in error.

MOURSUND, J. A motion has been made to dismiss the writ of error, on the ground

that the writ of error supersedeas bond is payable solely to George P. Cheney, and that at the time said bond was executed and filed Cheney was dead, as was shown at the time by sworn statement of his death, made by his widow, Sarah Cheney, to which is attached a copy of letters testamentary issued to her as independent executrix of his will, on file among the papers of the cause, as provided by article 3720, Revised Statutes 1911.

[1] While said sworn statement was filed August 29, 1912, and an order of sale issued, yet in the petition for writ of error, filed October 25, 1912, no mention is made of the death of Geo. P. Cheney, nor of the fact that the order of sale, mentioned therein as having been levied, was issued in favor of Sarah Cheney, executrix. The petition makes George P. Cheney, Carl Haeberle, and D. A. McAskill defendants in error; but the bond is payable only to Cheney. The petition for writ of error cannot be considered the suing out of a writ of error as to Sarah Cheney, executrix. Western Union Telegraph Co. v. Wofford, 32 Tex. Civ. App. 427, 72 S. W. 620, 74 S. W. 943.

[2] It is also well settled that, when the obligee in an appeal or writ of error bond is dead at the time of its execution, such bond is a nullity, and can confer no jurisdiction upon the appellate court. Dial v. Rector, 12 Tex. 99; Johnson v. Robeson, 27 Tex. 526; Smith v. Williams & Parks, 55 Tex. 87; Futch v. Palmer, 11 Tex. Civ. App. 191, 32 S. W. 566; Terry v. Schultz, 38 S. W. 374; Ry. Co. v. Neal, 65 S. W. 49; Telegraph Co. v. Wofford, 32 Tex. Civ. App. 427, 72 S. W. 620, 74 S. W. 943.

Writ of error dismissed.