FIRST STATE BANK & TRUST CO. OF SANTA ANNA v. O. D. MANN & SONS et al. (No. 5996.)

(Court of Civil Appeals of Texas. Austin. Dec. 18, 1918. Rehearing Denied March 12, 1919.)

1. APPEAL AND ERROR ⊙⟜390—BOND ON APPEAL—SUFFICIENCY.

On appeal to a court of civil appeals in cases where the county court exercises original jurisdiction under Const. art. 5, § 6, an appeal bond deficient in any particular required by Rev. St. 1911, art. 2097, is sufficient to confer jurisdiction on the appellate court, since it may be amended under article 2104, when objection is made.

2. APPEAL AND ERROR ⊙⟜391(1), 392—BOND ON APPEAL — SUFFICIENCY — OBJECTIONS — WAIVER.

When an appeal bond deficient in any particular mentioned in Rev. St. 1911, art. 2097, is seasonably objected to by appellee, and appellant fails to file a new bond within a reasonable time fixed by the court, the appeal will be dismissed, but failure seasonably to object is a waiver of the defect.

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Action by the First State Bank & Trust Company of Santa Anna against O. D. Mann & Sons and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellees.

### Findings of Fact.

JENKINS, J. Appellant brought this suit to revive a judgment against O. D. Mann & Sons, O. D. Mann individually, and Wm. Connelly & Co., alleged to be a private corporation.

On September 8, 1914, in the county court of Coleman county, appellant obtained judgment by default against O. D. Mann & Sons, a copartnership, composed of O. D. Mann and others unknown, and against Wm. Connelly & Co. and others not necessary to mention, for the respective sums set forth in appellant's petition herein. Appellees herein filed a motion for a new trial, which being overruled, they gave notice of appeal to this court. This court reversed and remanded said cause. See Miller et al. v. Bank, 184 S. W. 614.

The bond given on the appeal in said cause complied with the statute in substance and in form, except that it was not payable to the appellee therein, but was payable to the appellants' codefendants. No objection was made to this bond on the former appeal, and our attention was not called to the defect

therein. The mandate of this court was filed in the county court of Coleman county, and said cause is still pending on said docket.

More than 12 months have elapsed since the rendition of judgment by the county court. No part of said judgment has ever been paid, and no execution has been issued thereon. The trial court entered judgment herein, refusing to revive said judgment, from which we quote as follows:

"* * * It is the opinion of the court that said judgment sought to be revived is not a final judgment of this court, and has been set aside and reversed by the judgment of said Court of Civil Appeals at Austin, and that plaintiff is not entitled to the relief prayed for in said motion. * * * To which action of the court the plaintiff then and there in open court excepted."

### Opinion.

There is but one question on this appeal, and that is whether the action of this court in reversing and remanding the former appeal was void for want of jurisdiction. The appellant asserts that it was, for the reason that the appeal bond was not payable to the appellee in said appeal. The Constitution of this state confers appellate jurisdiction on Courts of Civil Appeals of all cases of which the county court has original jurisdiction (article 5, § 6), but the Legislature has the power to regulate the manner in which such appeals shall be prosecuted. One of the regulations required by statute is that the appellant shall execute an appeal bond:

"[a] With two or more good and sufficient sureties, [b] to be approved by the clerk, [c] payable to the appellee or defendant in error, [d] in a sum at least double the probable amount of the costs of the suit in the Court of Civil Appeals, Supreme Court and court below, to be fixed by the clerk, [e] conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, [f] and shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court." R. S. art. 2097.

Article 2104 of the Revised Statutes reads as follows:

"When an appeal has been or shall be taken from the judgment of any of the courts of this state by filing a bond or entering into a recognizance within the time prescribed by law in such cases, and it shall be determined by the court to which appeal is taken that such bond or recognizance is defective in form or substance, such appellate court may allow the appellant to amend such bond or recognizance by filing a new bond on such terms as the court may prescribe."

[1] The courts of this state have passed upon every requisite of an appeal bond as above set forth, and have held as to each of them that a bond deficient as to any one of them is sufficient to confer jurisdiction on

the appellate court, and may be amended when objected to, under authority of article 2104, supra. Tynberg v. Cohen, 76 Tex. 417, 13 S. W. 318; Hugo v. Seffel, 92 Tex. 415, 49 S. W. 369; Williams v. Wiley, 96 Tex. 153, 71 S. W. 12; Oliver v. Jammers, 136 S. W. 509; Cason v. Laney, 82 Tex. 318, 18 S. W. 667; Cason v. Connor, 83 Tex. 28, 18 S. W. 668; Franklin v. Tiernan, 56 Tex. 621; Engle v. Rowan, 48 S. W. 757.

[2] When a bond, defective in one or more of the particulars required by the statute, is seasonably objected to by appellee, and the appellant fails to file a new bond within such reasonable time as is fixed by the court, the appeal will be dismissed for want of such bond; but a failure to seasonably object·to such bond will operate as a waiver of its defects. Davis v. Estes, 4 Tex. Civ. App. 207, 23 S. W. 411; Howth v. Shumard, 40 S. W. 1079; Murphy v. Williams, 103 Tex. 157, 124 S. W. 900; Ricker v. Collins, 81 Tex. 662, 17 S. W. 378.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.