Egberts, J.
—Sheldon having died after a judgment had been rendered against him, his administrator had no means of causing the suit to be revived against himself ‘in the District Court. . '
A case similar in principle to this was decided by this court. (Teas v. Robinson, 11 Tex., 774.) In that case it was said, that “if the legislature had provided no mode of bringing up cases, this court has competent authority to establish such modes, and to have rendered them effectual for that purpose; and, in cases not provided for by statute, it is within the legal powers of the court to devise and authorize such appellate process as may be necessary to enforce its own jurisdiction, and secure the rights of parties interested a hearing and revision of the- judgments in this court.” There is no statute providing for a case like this. And as plaintiff in error could not revive the judgment against himself, and thereby cause himself to be made a party to the record in the court below, it is not perceived that any mode could have been adopted to secure his appellate remedy, to which he must certainly, in some way, have been entitled, more appropriate than by filing his petition for a writ of error, accompanied by a certificate from the proper authority, evidencing his right to act as administrator of the estate of Sheldon, who was the party against whom the judgment was rendered.
As. such administrator, he was not required to give a bond for costs, because the statute contains a special exemption in favor of administrators, the reason of which applies in all its force to the late statute requiring bond for cost to be given by parties seeking an appellate remedy, as well *159 as to the previous statute's on that subject. To construe the late statute to have the effect of destroying this special exemption, would require of this court to render a judgment upon the bond against administrator in his individual capacity, or place the sureties on the bond in a worse condition than that of them principal. The statute of 1858, though general in terms, should not be held to repeal a special provision, previously enacted, creating an exemption in favor of administrators. (O. & W. Dig., Art. 557.)
Motion denied.