## H. M. DAUGHERTY v. PHANATY CARTWRIGHT ET AL.

The 140th section of the act to regulate proceedings in the district court does not, in words, require the petition to state the residence of the opposite party; but, from the fact that the clerk is required to direct the writ to the sheriff of the county where the opposite party is alleged to reside, there is a virtual requirement that the residence should be alleged. (Paschal's Dig., Art. 1495, Note 587.)

A petition for a writ of error, which merely gives the names of the parties and the year when the judgment was rendered, is insufficient.

The 1st section of the act of 14th February, 1860, amending the several acts regulating proceedings in the district court, reads as follows: "No writ of error, to remove a cause from the district to the supreme court, shall in any case issue unless the plaintiff in error give bond, with sufficient security, for all the costs which may accrue in the supreme court, and which may have accrued in the district court." (Paschal's Dig., Art. 1517, Note 599.) Where the bond was every other way in form, except it read, "at the —— term, 1866," &c., the court said: "As there is no bond, jurisdiction does not attach, and the cause is stricken from the docket.

[NOTE.—The chief justice may have overlooked the bond, as the petition for a writ of error had already been held insufficient.—REPORTER.]

ERROR from Caldwell. The case was tried before Hon. JOHN IRELAND, one of the district judges.

The case was stricken from the docket for want of a sufficient petition and bond, hence a history of the case would be out of place. The defects are sufficiently given in the opinion of the court.

There was a good bond, unless it be material to describe the term or day on which the judgment, otherwise well described, was rendered.

MORRILL, C. J.—The question, *in limine*, arises as to the sufficiency of the petition for writ of error and the validity of the bond.

The statute, article 1495, requires the clerks of the several district courts to grant writs of error upon any final judgment, order, or decree rendered in their court, upon the petition of any party interested. Upon the filing of any such petition the clerk shall issue a citation, directed to the sheriff of the county where the opposite party is alleged to reside, together with a copy of the petition, commanding him to cite such party, &c. [Paschal's Dig., Art. 1495.]

The statute does not, in so many words, require the petition to state the residence of the opposite party, but, from the fact that "the clerk is required to direct the writ to the sheriff of the county where the opposite party is alleged to reside," there is a virtual requirement that the residence should be alleged.

Neither does the statute specify that the petition shall state who were the parties to the judgment in the district court, or when or for what the judgment was rendered, yet it is obvious that, unless this is done, neither the clerk nor the opposite party can know with certainty what judgment is complained of, particularly if there should be more than one judgment.

"The law does not require vain or impossible acts." The party interested is supposed to know the residence of the opposite party, as well as when the judgment was obtained, and the character of the judgment. And, since the statute requires that the clerk shall make out a transcript of the proceedings of the suit, it virtually requires that the suit shall be so specified that a clerk in a well-regulated office can attend to his required duties without searching through records for a case of a particular name, and, after he may have found it, to make a further search, lest there may be another judgment between the same parties.

The petition in this case is as follows:

"H. M. DAUGHERTY v. PHANATY CARTWRIGHT ET AL.

"THE STATE OF TEXAS, }
    "*Caldwell County.*  }

"*To the clerk of the district court of said county of Caldwell:*

"Your petitioner, Phanaty Cartwright, one of the defendants in the above-stated cause, which was tried and determined at the —— term, 1866, of said district court, would respectfully state, that there is manifest error in the judgment in said cause, and that she wishes the same to be corrected in the Supreme Court of the state. She therefore prays for a writ of error and supersedeas, according to the statute in such case provided, and for citation to the plaintiff according to law.        · T. C. GREENWOOD,
                                    "*Attorney for defendant.*"

The only description of the judgment is that. H. M. Daugherty was plaintiff, and it was rendered in 1866. A petition founded upon a note dated in 1866, and giving the name of the maker, would be just as proper for the jurisdiction in the district court as the petition for writ of error is in this case.

But the petition is not the only defect in the proceedings.

The bond given recites that the judgment was rendered at the spring term, 1867, of the district court of Caldwell county, for the sum of —— dollars.

The judgment copied in the record purports to have been rendered 2d October, 1866.

The statute (article 1517) forbids the issuance of a writ of error to remove a cause from the district to the Supreme Court, unless the plaintiff in error give bond with sufficient security for all the costs which may accrue in the Supreme Court and which may have accrued in the district court."

As there is no bond, jurisdiction does not attach, and the cause is stricken from the docket.

                                ORDERED ACCORDINGLY.