SARAH SIMMONS ET AL. V. LEVI H. FISHER ET AL.

1. PRACTICE IN SUPREME COURT—MOTION.—A motion, with reference to a suit pending in the Supreme Court, should, when filed at the instance of an attorney for the party in whose behalf it is made, be signed by him. No uniform rule having been established on this subject by the court, a motion not signed is considered, which contains in the body of the motion the name of the counsel and indicates the parties for whom he appears.

2. WRIT OF ERROR—LIMITATION—MARRIED WOMEN.—A motion was made to dismiss a writ of error because the same was sued out more than two years after the date of the judgment. The petition in error alleged that one of the plaintiffs in error, who was a married woman, had continued a *feme covert* until the suing out of the writ, and that her co-defendant in the court below died before the date of the judgment, leaving two minor children, who remained minors until less than two years before suing out the writ, which statements were not contested: *Held*, 1, That, even had it been shown that those who were alleged to have been minors were not such, the petition in error could be maintained by the *feme covert* and her husband; the statute of limitation did not run against her during marriage; 2, that one of two or more defendants in a judgment may sue out a writ of error.

3. WRIT OF ERROR MAY BE SUED OUT BY HEIRS.—Though there is no statute expressly authorizing the widow and heirs, or an administrator of the estate of a party to a judgment, who dies, to sue out a writ of error, the right exists as resulting from the right of appeal, which is secured by law. In the absence of a statute prescribing an appropriate mode of obtaining a review of proceedings on appeal, it is competent for the court to supply the deficiency by adopting proper rules upon the subject.

4. PRACTICE IN SUPREME COURT—JURISDICTION.—When facts are stated in a petition in error which are contested by answer of the

opposite party, the Supreme Court has power, under sec. 2, art. V of the Constitution of 1876, to hear affidavits on which it can properly determine the exercise of its own jurisdiction.

5. WRIT OF ERROR—PRACTICE IN SUPREME COURT.—When the widow of one against whom judgment has been rendered in the District Court refuses to join her children and heirs in applying for a writ of error, there is no impropriety in her being made a defendant by the heirs.

6. SERVICE OF WRIT OF ERROR.—The act of March 15, 1875, entitled "An act prescribing the mode of service in certain cases," is general in its provisions regarding the mode of making service on non-resident defendants, and applies as well to service of writs of error as to ordinary suits. The person making service and affidavit under the provisions of that act will be presumed to have been a "competent person," in the absence of anything to the contrary.

7. JUDGMENT.—A judgment rendered by agreement between the plaintiffs and intervenor, which undertook to divide between them the land in controversy, to which agreement the defendant was not a party, he having no legal notice of intervenor's claim, will be reversed for obvious error.

ERROR from Rains.     Tried below before the Hon. Z. Norton.

*A. M. Carter* and *Jones & Henry*, for plaintiffs in error.

*Booty & Baker*, also for plaintiffs in error.

*L. D. King*, for defendants in error.

ROBERTS, CHIEF JUSTICE.—Sicily Fisher and her husband, Levi H. Fisher, Margaret Fuller and her husband, Thomas W. Fuller, as plaintiffs, brought suit against Sarah Simmons and her husband, John W. Simmons, and James T. Wafer, as defendants, in which was prayed a partition of a league and labor of land, except six hundred acres out of the southeast corner, (which had been previously conveyed to Robert Coats,) which belonged to them as the heirs of Mabrey Wafer, deceased, whose surviving children and heirs were said Sicily, Margaret, Sarah, and James T.

Service was obtained on Sarah Simmons and her husband

by citation, in Panola county, and on James T. Wafer by publication, as a resident of Louisiana.

The suit was brought on the 1st of February, 1871. On the 20th of March, 1872, Levi H. Fisher filed an amended petition, claiming the interest of James T. Wafer, making an exhibit of his deed of conveyance. On the same day Thomas Cain intervened, by leave of court, claiming one thousand acres of land, as the interest of Sarah Simmons, derived through James T. Wafer, making an exhibit of his title, in which, however, there was one link in the chain of title wanting. There was no service of this amended petition and intervention upon the defendants, nor did either of them appear in person or by attorney in the case.

On the same day (20th of March, 1872) the attorneys of Levi H. Fisher, Sicily Fisher, Margaret and Thomas W. Fuller, and Thomas Cain made and filed an agreement, in which the land, except that alleged to belong to Coats, was divided between them, giving Cain one thousand acres and the balance equally to Levi H., Sicily, and Margaret, and leaving the original defendants out entirely.

At the March Term, 1872, a judgment was rendered according to said agreement, appointing commissioners to divide the land, who having made their report, a final decree of partition was rendered on the 18th of November, 1872.

More than two years afterwards, to wit: on the 6th day of August, 1875, a petition for a writ of error was filed by Sarah and John W. Simmons, Letitia Smith and her husband, and Eliza Armstrong and her husband, claiming to be the heirs of James T. Wafer, who is alleged to have died on the 11th of April, 1871, and who are alleged to have been minors at the date of the judgment, and so continued until their marriage in 1874. The petition in error made the following persons defendants, and asked service to be made on them, to wit: Robert Coats and Thomas Cain, by citation to Rains county; Levi H. Fisher, and Sicily Fisher, and Margaret and Thomas W. Fuller, who are alleged to be residents

of Louisiana, by citation to their attorneys, W. P. Simmonds, S. S. Weaver, and Clayton Jones, in Hunt county; Levi H. Fisher, as executor of the will of his wife, who died in 1873, and Laura Wafer, widow of James T. Wafer, who did not join as plaintiff, both of whom reside in Louisiana, by a certified copy of the petition in error served personally by some competent person.

The service having been made upon defendants in error in the manner here indicated, a motion was made in this court to dismiss the writ of error, because said service has not been made according to law, and because the right to sue out the writ is barred by the limitation of two years from the date of the judgment, and because some of the plaintiffs in error were not parties in the suit, and showed no interest. Counsel for plaintiffs in error except to this motion, because it is not signed by counsel or by any party to the suit.

After stating the title of the case, the motion commences as follows: "Motion of L. D. King, counsel for Levi H. Fisher and Thomas M. Cain, defendants in error. The above-named defendants in error move the court to dismiss the writ of error in this case, for the following reasons, to wit." It is not signed at the bottom of the motion.

Counsel, in filing motions, briefs, or any other papers in this court, should properly sign their names to them in a way to make themselves responsible for what is stated in them, and so as to leave no doubt as to the parties for whom they appear. This is usually done by subscribing the instrument. In this instance, though not formally done, it was evidently intended by the counsel; that he filed the motion for the parties named. Though we cannot sanction it as the proper mode, still, as there has been no uniform rule followed on the subject, it would be improper now to disregard the motion entirely on account of that informality.

The grounds of the motion are:

1. That the writ of error is barred, being sued out more than two years after the date of the judgment. The judg-

ment was rendered 18th of November, 1871, and the petition in error was filed on the 6th day of August, 1875.

The answer to this is, that Sarah Simmons was sued as a married woman, and the petitioner in error alleges that she has so continued up to its filing. It also alleges that James T. Wafer, the other defendant, died before the date of the judgment, leaving two minor children, Letitia and Eliza, as his heirs, and that they remained minors until they were married in 1874. The affidavit of Letitia, filed in this court before the motion was made, confirms these allegations, except as to her continuing minority, which is left in doubt from her sworn statement. Besides, these allegations in the petition in error, to make parties in this court, are not contested by the defendants in error so as to raise an issue of fact upon them.

Had it been shown affirmatively that Letitia and Eliza were not minors as alleged, still, Sarah Simmons, being a married woman, the petition in error could be maintained by her and her husband, as the statute of limitations could not run as to her during her coverture, as it is expressly provided in the act of 1846, (Paschal's Dig., art. 1496,) relating to proceedings in the District Court, as well as in the act of limitations of 1841. (Paschal's Dig., arts. 4616, 4617.)

That one of two or more defendants in a judgment may sue out a writ of error has often been held by this court. (Burleson *v.* Henderson, 4 Tex., 60.) In this connection may also be considered the second and third grounds of the motion, which are, that Letitia and Eliza, the children, and Laura, the widow of James T. Wafer, were not parties to the suit, and they are not shown to have any interest in it. The petition in error not only states that they are the only heirs and the widow of James T. Wafer, but that his estate had never been administered upon.

There is no statute in this State expressly authorizing the widow and heirs, or an administrator of the estate of a party to a judgment, who dies, to sue out a writ of error. Such,

notwithstanding, has been the practice which has been sanctioned by the decisions of this court from an early period. It is said that the right of appeal being secured by law in the absence of a statute prescribing an appropriate mode of attaining that right, it is competent for the court to supply the deficiency by adopting proper rules upon the subject. (Wheeler *v.* The State, 8 Tex., 230; Teas *v.* Robinson, 11 Tex., 774.) If, in pursuing this course, facts are stated in the petition in error, which are contested by an answer of the opposite party, this court has power under the Constitution to hear affidavits upon which it can properly determine the exercise of its jurisdiction in any such case. (Sec. 2, art. V, Con., 1876.) Letitia and Eliza, with their husbands, appear, therefore, to have been properly made plaintiffs; and if Laura, the widow, did not choose to join as a plaintiff, we see no impropriety in citing her as a defendant.

4. "That service of citation directed to and served upon the attorney of the Fishers and Fullers, was not sufficient."

There certainly could be no use in directing the citation in error to be served upon parties alleged to be non-residents, both in the original petition and in the petition in error. (Paschal's Dig., art. 1496; Holloman *v.* Middleton, 23 Tex., 537.)

5 and 6. "That there was no sufficient service on Laura Wafer and on Levi H. Fisher, as executor of the will of his wife, Sicily Fisher," who is alleged to have died in 1873.

The mode in which service was attempted to be made upon these non-resident parties was by asking for certified copies of the petition in error to be issued, to be personally served by a competent person, and by filing in the District Court an affidavit of H. W. Lewis (in case of Levi H. Fisher) and of W. A. Smith (in case of Laura Wafer,) headed with the title of the case, and "State of Texas, Panola county," stating the time and place when and where a certified copy of the petition in error was delivered in person to the party, and concluding, "sworn to and subscribed before me this

the 4th day of September, 1875, A. J. Baker, J. P., P. Co., T." This is the substance of one affidavit, and the other, as to service on Laura Wafer, is similar, except that it omits "The State of Texas, Panola county," at the top.

To this it was objected, that no writ was served informing the party of the time and place of holding the Supreme Court, and there is no evidence that it was served by a competent person, and the court cannot know that Baker was a justice of the peace in Panola county, Texas.

The act relating to writs of error provides, that when a party to be cited is a non-resident, service may be had upon his attorney of record in the case. · (Paschal's Dig., art. 1496.) Laura Wafer had no attorney, and Sicily Fisher died in Louisiana in 1873. She had attorneys here while she was living, who were served, and in the absence of any other provision to obtain service, it might, from the necessity of the case, be regarded that her attorneys, who brought the suit, might in this matter still act for her legal representatives.

This service, however, was attempted to be made under a recent statute, (Acts of 1875, 15th March, p. 170) entitled " An act prescribing the mode of service in certain cases," in which it is provided, " that service of certified copy of petition, by any person competent to make oath of the fact, upon any absent or non-resident defendant, may be made outside of . the limits of this State, and the oath of the party making such service shall be sufficient return. The return shall show when and where the said copy was delivered to the defendant." This provision is general, and may apply as well to service in writs of error as in ordinary suits, and as well to one court as to another. This has been substantially complied with in this case. There is enough in the affidavit to inform the court that it was made before an officer in Texas authorized to administer oaths, and the person who made the affidavit must be presumed to have been a competent person, in the absence of anything to the contrary. The affidavit states in the terms of the statute that a certified copy of the

petition in error in this case was delivered to the party, and when and where it was done. The petition states the time and place of holding the Supreme Court. The motion to dismiss will be overruled.

As to the merits of this case, the error in the judgment is so obvious and fundamental as to require no further consideration than a short statement. Two persons, as heirs of an estate, bring suit against, and get service upon, two other heirs of the same estate, for a partition of a tract of land belonging to them all, equally and jointly. Afterwards, two other persons intervene in the suit, claiming the interests of the two defendants, and, without giving to defendants any legal notice of their claim thus filed, make an agreement with the plaintiffs to divide the land with them. The defendants had never appeared in person, or by attorney, in the case. The court rendered a judgment and decree upon, and in accordance with, said agreement, dropping the defendants from the case, and decreeing their interests in the land to the intervenors, not noticing them so much as to render a judgment by default against them.

REVERSED AND REMANDED.