SLAUGHTER v. KIRKPATRICK.

(Court of Civil Appeals of Texas. El Paso. May 15, 1913. Rehearing Denied June 5, 1913.)

APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR NEW TRIAL.

Assignments of error not referring to that part of the motion for new trial in which the error was complained of will be considered as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

Appeal from Martin County Court; A. C. Eidson, Judge.

Action between C. C. Slaughter and L. C. Kirkpatrick. Judgment for Kirkpatrick, and Slaughter appeals. Affirmed.

Howard & De Armond, of Midland, and G. G. Wright, of Dallas, for appellant. A. L. Green, of Stanton, for appellee.

McKENZIE, J. This is an appeal from the county court of Martin county. The cause was tried by the court and jury. The verdict and judgment was in favor of appellee, and appellant filed a motion for new trial.

We find from examination of appellant's assignments of error, as filed in the trial court, that no mention or reference is made to the motion for new trial. This is not a compliance with the rules which govern this court, and the assignments will be considered as waived. Our holding herein is in conformity with the following authorities: Davidson v. Patton, 149 S. W. 757; Murphy v. Earl, 150 S. W. 486; Railway Co. v. Ledbetter, 153 S. W. 646; Railway Co. v. Gray, 154 S. W. 229; Imperial Irr. Co. v. McKenzie, 157 S. W. 751; Konz v. Henson, 156 S. W. 593; Railway Co. v. Lee, 157 S. W. 748; Cain v. Delaney, 157 S. W. 751; Irving v. T. & P. Ry. Co., 157 S. W. 752. The last five cases are recent opinions of this court and not yet officially reported.

An examination of the record fails to disclose error of a fundamental nature, and the judgment, accordingly, is affirmed.

---

BARGNA v. BARGNA.

(Court of Civil Appeals of Texas. San Antonio. May 14, 1913. Rehearing Denied June 11, 1913.)

APPEAL AND ERROR (§ 332*)—WRIT OF ERROR—DEATH OF PLAINTIFF IN ERROR—EFFECT.

Under Rev. Civ. St. 1911, arts. 1618, 2107, declaring that the death of any party in a cause taken to the Courts of Civil Appeals by appeal or writ of error, after the service of the writ of error and before decision of the case, shall not abate the case, and that on the death of any party entitled to an appeal or demurrer the same may be taken by his executor, administrator, or heir, a writ of error in the name of the defeated party must be dismissed for want of jurisdiction, where the party was dead at the time of the service of citation in error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1842–1845; Dec. Dig. § 332.*]

Error to District Court, Bexar County; Claude V. Birkhead, Judge.

Action between Marco Bargna and Mary Bargna. There was a judgment for the latter, and the former brings error. Dismissed.

F. H. Booth, Anderson & Belden, and Selig Deutschman, all of San Antonio, for plaintiff in error. F. C. Davis and Webb & Goeth, all of San Antonio, for defendant in error.

TALIAFERRO, J. This case is here upon writ of error from the district court of the Seventy-Third judicial district, and this is the second time the case has been to this court. For former opinion, see 127 S. W. 1156. The record reveals that the case was tried at the October Term, 1911, and final judgment entered as of November 13, 1911. On November 11, 1912, a petition for writ of error was filed, and on November 12, 1912, citation in error was served.

By sworn motion of defendant in error filed in this cause in the lower court on November 11, 1912, it is shown that at the time the citation in error was served Marco Bargna was dead. Articles 1618 and 2107, R. S. 1911, provide as follows:

"Art. 1618. If any party to the record in any cause hereafter taken to the Courts of Civil Appeals, by appeal or writ of error, or transferred from the Supreme Court or Courts of Appeals, shall have died heretofore, or shall hereafter die, after the appeal bond has been filed and approved, or after the writ of error has been served, and before such cause has been decided, such cause shall not abate by such death; but the court shall proceed to adjudicate such cause and render judgment therein as if all parties thereto were still living; and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto."

"Art. 2107. In case of the death of any party entitled to an appeal or writ of error, the same may be taken by his executor, administrator or heir."

It is clear that under these statutes this court has no jurisdiction to determine this cause, and any judgment upon the merits of the case would be void. Conn v. Hagan, 93 Tex. 334, 55 S. W. 323.

The writ of error is dismissed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes