## SANER–RAGLEY LUMBER CO. et al. v. SPIVEY et al. (No. 634.)*

(Court of Civil Appeals of Texas. Beaumont. ' March 12, 1921. Rehearing Denied April 13, 1921. Additional Findings of Fact, April 15 and 19, 1921.)

**1. Executors and administrators** ⊚═60—**Law of residence of owner of personal judgment governs vesting of title in administrator on his death.**

The situs of a personal judgment follows the residence of the owner, relative to the person or persons in whom title thereto vests on his death, so that the owner of such judgment, obtained in Texas, dying in Georgia, where he resided, title thereto as property other than real estate, under Park's Ann. Civ. Code Ga. § 3929, vested in his administrator for the benefit of his heirs and creditors.

**2. Appeal and error** ⊚═361(3), 384(3)—**For jurisdiction on error, petition must name adverse parties and bond run to them.**

To give jurisdiction to the appellate court, there must be substantial compliance with Rev. St. art. 2088, requiring petition for writ of error to state the names and residences of the parties adversely interested, and article 2097, requiring a writ of error bond payable to defendant in error.

**3. Appeal and error** ⊚═332—**Error not suable against decedent.**

Under the practice in the state, error cannot be sued out against a party who died after judgment.

**4. Appeal and error** ⊚═334(6)—**Necessary practice for error where successful party dies after judgment, but before error, stated.**

Under the practice adopted in the state which, in the absence of statute, must be followed, where a party dies after judgment in his favor, but before a writ of error is sued out, it is a necessary condition to review that the petition for error show this fact and ask for service on the executor or administrator if there be one, and, if not, state this fact, and show that there is no necessity for such a legal representative, and pray for citation against decedent's heirs, whose names and places of residence should be given.

**5. Abatement and revival** ⊚═73—**Action "in a proper case" to be revived against heirs rather than administrator.**

The quoted words in Rev. St. art. 1888, for revival of action against the executor or administrator of a deceased party, or, "in a proper case," against his heirs, mean where there is no administration and no necessity for any, or where it would be legally impossible to have an administration.

**6. Appeal and error** ⊚═334(6)—**Trial court place for showing of absence of necessity of administration, so as to allow error against heirs of deceased party.**

The showing, where a successful party has died after judgment, but before error is sued out, that there was no administrator on his

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

estate, and no necessity for any, so as to allow writ of error to be prosecuted against his heirs, should be made in trial court, in the petition for error, and cannot be first made in the appellate court, especially after the time for suing out the writ has expired.

**7. Abatement and revival ⟨⟩73—Necessity of administration to be presumed relative to party against whom to revive action.**

Necessity for administration is to be presumed, in absence of showing, relative to revival of action against administrator or heirs of deceased party.

**8. Appeal and error ⟨⟩22—Jurisdiction not conferable by waiver or estoppel.**

Jurisdiction cannot be conferred on the appellate court to review by writ of error, by waiver or estoppel on defendants' in error.

**9. Appeal and error ⟨⟩122—Part of judgment awarded by order to plaintiffs' attorneys not reviewable on error by defendants not making all plaintiffs parties.**

That, after judgment for plaintiffs was obtained on an entire cause of action, the court made an order awarding half of it to their attorneys, does not render the judgment divided, so as to give the appellate court jurisdiction to review it, so far as the attorneys' interest is concerned, on writ of error attempted to be sued out by defendant, but not naming some of the other parties in the petition for error or in the error bond.

Error from District Court, Polk County; J. L. Manry, Judge.

Action by J. H. Spivey against the Saner-Ragley Lumber Company and another, Mrs. Fannie Spivey and others being substituted as plaintiffs on the death of J. H. Spivey. Judgment for plaintiffs, and defendants attempted to bring error, after death of one of the substituted plaintiffs. Dismissed.

Dean & Humphrey, of Huntsville, P. R. Rowe, of Livingston, and Kimbrough, Underwood & Jackson, of Amarillo, for plaintiffs in error.

Smith & Crawford and Oswald S. Parker, all of Beaumont, and Feagin, German & Feagin, of Livingston, for defendants in error.

PER CURIAM. This suit was filed in the district court of Jefferson county by J. H. Spivey, as plaintiff, against the Saner-Ragley Lumber Company, a private corporation, and W. G. Ragley, individually, as defendants, date of such filing being November 26, 1918. The purpose of the suit by Spivey was to recover damages for the alleged breach of an alleged written contract made and entered into between himself and said defendants, and he alleged that, in consequence of such breach of contract, he had sustained damages in the sum of $75,000, and prayed judgment against defendants, jointly and severally, therefor.

After being duly served with citation issued out of the district court of Jefferson county, both defendants filed in said cause their plea of privilege to be sued in the district court of Polk county, which plea of privilege was on the 17th day of March, 1919, heard by the district court of Jefferson county, and was sustained, and the venue of the suit changed to the district court of Polk county, in accordance with the prayer of the plea of privilege. Thereafter the clerk of the district court of Jefferson county transferred and forwarded to the clerk of the district court of Polk county the record in said cause, including all the original papers filed therein, and such record was filed in the district court of Polk county on April 14, 1919. After the plea of privilege had been acted upon and sustained by the district court of Jefferson county, but before the record of the cause had been filed in the district court of Polk county, the plaintiff, J. H. Spivey, died, leaving no will, and there was no administration upon his estate, and none was necessary.

On November 28, 1919, Mrs. Fannie Spivey, a feme sole, and a resident of Colquitt county, Ga., D. A. Spivey, and J. C. Spivey, residents of the state of South Carolina, Effie Spivey, a feme sole, Mrs. Belle Hart, joined by her husband, Scott R. Hart, J. F. Spivey, W. H. Spivey, and Lorene Spivey, all of whom were residents of Colquitt county, Ga., and said Lorene Spivey, being a minor and appearing by her guardian and next friend, L. N. Moore, filed in the district court of Polk county their written suggestion of the death of said original plaintiff, J. H. Spivey, which suggestion showed that J. H. Spivey had died after the suit was originally filed by him, and that he left no will, and that he was an unmarried man; and in that connection it was further shown that Mrs. Fannie Spivey was the mother of said J. H. Spivey, and that D. A. Spivey, J. C. Spivey, Effie Spivey, Mrs. Belle Hart, J. F. Spivey, and W. H. Spivey were the sole surviving brothers and sisters of the said J. H. Spivey, and that the minor, Lorene Spivey, was the only child and descendant of G. W. Spivey, deceased, who was a brother of said J. H. Spivey; and it was then shown that all these named persons were the heirs at law of said J. H. Spivey, and that they were his only heirs. It was then prayed by Mrs. Fannie Spivey and the others mentioned that they be permitted to make themselves parties plaintiff instead of said J. H. Spivey, and to prosecute the suit to judgment, as substituted plaintiffs in the cause. On December 1, 1919, the written suggestion of the death of the original plaintiff, J. H. Spivey, was heard by the court, and an order was on that day made and entered permitting the said Mrs. Fannie Spivey and the others named in the suggestion of death

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to make themselves parties plaintiff and to prosecute said cause to judgment.

On January 6, 1920, the cause was called in its regular order for trial in the district court of Polk county, at which time neither of said defendants had filed any answer to the merits; and thereupon the plaintiffs announced ready for trial, and the court, after hearing the pleading of plaintiffs and such evidence as was introduced by them, rendered judgment in favor of the plaintiffs and against both defendants, jointly and severally, for damages in the sum of $75,000, and for costs of suit. The term of the district court of Polk county adjourned on the 10th day of January, 1920, at which time neither of the defendants had filed any motion attacking said judgment.

On January 19, 1920, Mrs. Fannie Spivey, one of the substituted plaintiffs, as before shown, and who was the mother of the original plaintiff, J. H. Spivey, died, intestate, in Colquitt county, in the state of Georgia, where she then resided. On January 29th thereafter the surviving substituted plaintiffs—that is, all the substituted plaintiffs, with the exception of Mrs. Fannie Spivey—caused an execution to be issued out of the district court of Polk county upon the judgment aforesaid, and caused the same to be placed in the hands of the sheriff of said county, and directed the sheriff of said county to proceed to levy said execution upon property of said defendants, for the purpose of collecting and satisfying said judgment in favor of said plaintiffs. Proceeding under this execution, said sheriff at once attempted to levy the same, and called upon the defendant W. G. Ragley for the amount of money mentioned in said execution, etc., which was the first knowledge that the said Ragley or the Saner-Ragley Lumber Company had that such judgment had been rendered. By agreement between the sheriff and said Ragley, proceedings under the execution were held in abeyance until said defendants could prepare and file their application for writ of error to this court. On April 22, 1920, the defendants Saner-Ragley Lumber Company and W. G. Ragley, individually, filed with the clerk of the district court of Polk county their petition for writ of error, with a view of removing the cause to this court, and at the same time filed with said clerk their supersedeas bond for the writ. The petition for writ of error, as prepared and filed by plaintiffs in error, named as defendants all of the persons who had substituted themselves as plaintiffs in said cause, including the said Mrs. Fannie Spivey, who, as we have shown, was then dead, and also named as defendants the law firm of Smith & Crawford and Oswald S. Parker, who, by order of the court, had been allowed a one-half interest in the judgment that was recovered by said plaintiffs. On May 13, 1920, Messrs. Smith & Crawford, Oswald S. Parker, Feagin, German & Feagin, attorneys of record for the defendants in error, waived formal issuance of citation on the writ of error, and accepted service of such writ, but "reserving such exceptions and objections as may properly be urged to the petition for writ of error." Thereafter plaintiffs in error had prepared the transcript in this cause, and the entire record as made in the trial court, and on July 7, 1920, such transcript and record were filed by plaintiffs in error in this court.

It is shown, without dispute in the record before us, that at the time attorneys for the plaintiffs in error prepared and filed their petition for writ of error in this cause, as well as the supersedeas bond, neither of the plaintiffs in error had any knowledge or notice of the death of Mrs. Fannie Spivey, which, as we have shown, occurred in the state of Georgia just a few weeks after the judgment in this case was rendered. Nor did any of the attorneys for the plaintiffs in error have any such knowledge or notice, but such proceedings were had believing that said Mrs. Fannie Spivey was still living, with no reason on the part of either of the plaintiffs in error or their attorneys to suspect otherwise. At the time service of the writ of error was accepted by the attorneys for defendants in error, as we have before shown, said surviving defendants in error, as well as their said attorneys, knew that the said Mrs. Fannie Spivey was then dead, and said attorneys so accepted service of said writ, without notifying plaintiffs in error or their attorneys of such death. At the date of the filing of the petition for writ of error by plaintiffs in error, there was no administration upon the estate of Mrs. Fannie Spivey pending anywhere, and, as we believe, no necessity for any such administration in the state of Texas. It has been made to appear in this court, however, by affidavits relative to the motion to dismiss, that there was a necessity for administration upon the estate of Mrs. Fannie Spivey in Colquitt county, Ga., and that on December 11, 1920, a temporary administrator of her estate was appointed by the proper authority in Colquitt county, Ga.; and it also appears from data before us that on January 3, 1921, a temporary administrator of the estate of Mrs. Fannie Spivey was appointed by the probate court of Polk county, Tex. The motion to dismiss the writ of error was filed by the defendants in error in this court on December 15, 1920, and by order of this court this motion was set for hearing on January 19, 1921. The grounds upon which it is sought to dismiss the motion, as stated by defendants in error, are as follows:

"Defendants in error move to dismiss the writ of error because the Court of Civil Appeals has no jurisdiction of the case:

"First. Because the petition for writ of error names Mrs. Fannie Spivey as one of the

parties adversely interested, and at the same was filed she was dead, and neither her heirs or legal representatives are made parties.

"Second. Because the supersedeas bond, is made payable to Mrs. Fannie Spivey as one of the obligees, and, she being dead at the time it was filed, the same is a nullity, and a valid bond is necessary to confer jurisdiction upon the Court of Civil Appeals."

We here add that the supersedeas bond is made payable to Mrs. Fannie Spivey as one of the obligees mentioned therein.

In answer to the motion to dismiss, plaintiffs in error contend that all of the parties to the record in this cause in the trial court were made parties on the face of the petition for writ of error, and in the supersedeas bond which was filed by them, and they show by their answer to the motion that they had no knowledge or notice of the death of said Mrs. Fannie Spivey at the time the petition for writ of error and supersedeas bond were filed, as we have found to be a fact; and they allege that Mrs. Fannie Spivey left as her sole surviving heirs at law her daughter, Effie Spivey, a single woman, and Mrs. Belle Hart, wife of Scott R. Hart, her sons, J. F. Spivey, W. H. Spivey, D. A. Spivey, and J. C. Spivey, and her grandchild, Lorene Spivey, who is the minor named by us above, and that these heirs were all the heirs of Mrs. Fannie Spivey at the time the petition for writ of error and supersedeas bond were filed in this cause, and that all of these parties were named as the parties adversely interested in the petition for the writ and in the supersedeas bond, and they say, therefore, that their petition for writ of error in this cause does, in fact, name all parties adversely interested to them in the judgment, and that their supersedeas bond does name as obligees all the persons adversely interested to them in said judgment, and for that reason they claim the motion should be overruled.

It does appear, affirmatively, from the record before us, that all the persons named in the petition for writ of error, other than the attorneys mentioned, are all the heirs at law of J. H. Spivey, the original plaintiff, but it does not affirmatively appear that such persons mentioned in the writ and as obligees in the bond are all the heirs at law of Mrs. Fannie Spivey. There is an affidavit in the record before us, that of John T. Cayle, which shows affirmatively that Effie Spivey, Mrs. Belle Hart, J. H. Spivey, W. H. Spivey, Lorene Spivey, D. A. Spivey, and J. C. Spivey are heirs at law of Mrs. Fannie Spivey, but it is not affirmatively shown that these persons are all the heirs of Mrs. Fannie Spivey. On the contrary, there is no showing that these persons are not all the heirs at law of Mrs. Fannie Spivey. Therefore, in such state of the record, we do not know,

and therefore do not find, whether the persons named in the writ of error and also in the supersedeas bond are all of the heirs at law of the said Mrs. Fannie Spivey, deceased.

The answer to the motion further shows, and we have found the fact to be, that at the time of the suing out of the writ of error there was no administration pending upon the estate of Mrs. Fannie Spivey anywhere, either in Georgia or in Texas, and plaintiffs in error say that they were therefore relieved of making any such legal representative a party to the writ or obligee in the bond. They further answer the motion to dismiss by saying that the defendants in error who filed such motion waived the necessity of making any person or persons parties to the writ or obligees in the bond, and also that the defendants in error filing such motion are estopped to say that there are any persons adversely interested in the judgment in this case who were not made parties to the writ or obligees in the bond. The reasons asserted by plaintiffs in error for the claimed waiver and estoppel are that when the surviving substituted plaintiffs in this cause accepted service of the writ of error in this cause, with a knowledge on their part, at the time of doing so, that Mrs. Fannie Spivey was dead, which fact was not known to plaintiffs in error or their counsel, and further that by causing the writ of execution to issue on said judgment in the name of Mrs. Fannie Spivey, whom they knew to be then dead, and also because of the fact that the attorneys of said defendants in error filed briefs in this cause in behalf of and for all of the substituted plaintiffs in said cause, including Mrs. Fannie Spivey, that said parties making said motion ought to be held to have waived and also be estopped to insist upon such motion to dismiss.

They further answer the motion by saying that, even if plaintiffs in error had known at the time of suing out the writ that Mrs. Fannie Spivey was dead, they would not have been authorized to have applied for an administrator on her estate in Texas or elsewhere, and that they were not under obligations to do so in order to prosecute their writ of error from the judgment against them; and in this connection they contend that the appointment of the administrator in December, 1920, in Colquitt county, Ga., should be held to have no effect upon their right to prosecute this writ of error without then making such administrator a party in this cause, and also that the appointment of the temporary administrator in Polk county, in January, 1921, should have no effect upon the validity of their writ of error, there being no such legal representative at the time the writ was sued out; but in this connection they show that they filed a supplemental petition for writ of error in the dis-

trict court of Polk county after the motion to dismiss was filed in this court, and in such petition made the temporary administrator in Polk county a party; and they ask, in the event this court deems it necessary, that the proceedings here be stayed until said temporary administrator may have the time allowed him by statute to answer the writ, and that this cause then proceed upon its merits in this court, and the motion to dismiss be overruled.·

The fifth ground of plaintiffs in error in answer to the motion to dismiss we copy, as follows:

"The plaintiffs in error further show that the undisputed facts disclosed in the petition of Mrs. Fannie Spivey and the other substituted plaintiffs, alleged heirs at law of the original plaintiff, J. H. Spivey, deceased, and the judgment of the trial court herein, as shown in the ·transcript herein, and affidavits on file for the· consideration of this court in passing upon the motion to dismiss these proceedings, conclusively establish that the substituted plaintiff, Mrs. Fannie Spivey, deceased, was the mother of the original plaintiff, J. H. Spivey, deceased, and that the father of the original plaintiff, J. H. Spivey, deceased, was dead, and that the original plaintiff died in the state of Texas intestate and without ever having been married, and that therefore the said plaintiff Mrs. Fannie Spivey, deceased, inherited one-half and was the owner of one-half of the cause of action sued on herein, and of the judgment rendered by the honorable district court of Polk county herein, and that the other heirs at law of the said original plaintiff were the owners of the other one-half of said cause of action and judgment; that an undivided one-half of said judgment was assigned by the court, and by the court adjudged to be paid to the attorneys for the plaintiffs as follows, to wit, to the attorney Oswald S. Parker one-fourth thereof, and to the firm of Smith & Crawford, composed ·of Stuart R. Smith and Walter J. Crawford, one-fourth thereof.

"Wherefore this cause of action is divisible, and has been divided, and it is entirely proper for this court, in any event, to proceed with the consideration of the briefs and assignments of error as respects all interests recovered in the court below, save and except the one-fourth of the judgment which remained in the .said plaintiff Mrs. Fannie Spivey after the court had assigned and ordered paid over to said attorneys an aggregate of one-half of the entire judgment.

"The plaintiffs further show that, in any event and under all circumstances, the judgment of the District Court herein was divided by the action of said District Court in awarding to and ordering paid over to said attorneys one-half of said judgment; by reason whereof this court should now proceed to the consideration of the assignments of error and the brief of plaintiffs in error and dispose of the judgment of the trial court in so far as it affects the one-half of the judgment which was assigned and ordered paid to said attorneys."

[1] In support of their motion to dismiss the writ of error in this case, it was al-

leged, and the allegations sustained by proof, that under the law of Georgia the title to personal property and all other property other than real property, upon the death of a citizen of that state, vests directly and immediately in the administrator of such decedent's estate for the benefit of such decedent's heirs and creditors, the Georgia statute on the subject being section 3929 of Park's Annotated Civil Code of Georgia 1914, reading as follows:

"Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law. The title to all other property owned by him vests in the administrator of his estate for the benefit of the heirs and creditors."

This statute was under construction by the Supreme Court in the case of Smith v. Turner, 112 Ga. 533, 37 S. E. 705. If the courts of this state should give effect to the Georgia statute, as construed by the Supreme Court of that state, then it must be held that upon the death of Mrs. Fannie Spivey, which, as we have shown, occurred on January 19, 1920, her interest in the judgment in this cause did not directly descend to and vest in her heirs, whoever they may be, it having been shown that there was a necessity for administration upon her estate, but such interest vested directly in the administrator of her estate, who was afterwards appointed, although such appointment was not made until, as we have shown, December 11, 1920. Therefore, if it had been shown that the present defendants to the writ of error were all the heirs of Mrs. Fannie Spivey, deceased, still, it seems, that they cannot be said to be the parties adversely interested to the plaintiffs in error in this judgment. It seems to have been held in the case of Angier v. Jones, 28 Tex. Civ. App. 402, 67 S. W. 449, an opinion by the Galveston Court of Civil Appeals of this state, that the situs of a personal judgment follows the residence of the owner, and we think that holding is supported by the weight of authority. Therefore, upon the death of Mrs. Fannie Spivey in the state of Georgia, where she lived, her interest in the judgment in this case is governed by the law of descent and distribution of Georgia, and her interest in that judgment, at her death, under the facts appearing in this record, must be held not to have vested in her heirs, whoever they may be, but to have vested in the administrator of .her estate, who was afterwards appointed, and such administrator, although he had not been appointed at the time the writ of error was sued out, the necessity for the administration existing, he would have to be appointed and made a party to the writ of error and an obligee in the bond before it could be said that, in contemplation of law, all the parties adversely interested in this judgment were

made parties to the writ and obligees in the bond. It has been repeatedly announced by the appellate courts of this state that the writ of error proceeding is statutory, and that there must be a substantial compliance with the statutory requirements, in order to give jurisdiction to the appellate court. Weems v. Watson, 91 Tex. 39, 40 S. W. 722; Railway Co. v. Blair (Sup.) 196 S. W. 502; State v. Gerry, 68 N. H. 495, 38 Atl. 272, 38 L. R. A. 228.

Article 2088, Revised Statutes of this state, provides what the petition for writ of error shall contain. It is as follows:

"The petition shall state the names and residences of the parties adversely interested, shall describe the judgment with sufficient certainty to identify it, and shall state that he desires to remove the same to the court of civil appeals for revision and correction. Where the plaintiff in error desires the issuance of a supersedeas, he shall state the facts which entitle him thereto, and pray for the issuance thereof."

Article 2089 provides that the plaintiff in error shall also, at the time of filing such petition, file with the clerk a writ of error bond, or affidavit in lieu thereof.

By article 2097 it is provided that the bond must be made payable to the defendant in error.

Articles 2090 to 2096, inclusive, provide for issuing citations and service thereof, etc.

[2] Where each of these statutory requirements have been complied with, a writ of error is held to be perfected, and jurisdiction of the case passes from the trial court to the appellate court; but it seems that the statutes, both with reference to the petition for the writ and the bond therefor, must be complied with in order to confer jurisdiction of the case upon the appellate court. It seems to have been held in a number of cases that the requirement of the statute that the plaintiff shall state the name and residence of the parties adversely interested is mandatory, and that the omission of the name or residence of one or more of the parties adversely interested in the judgment will deprive the appellate court of jurisdiction; and, further, that such an omission cannot be cured by amendment after the time for filing a proper application for the writ shall have expired. Weems v. Watson, 91 Tex. 35, 40 S. W. 722; Clark v. Lowe, 58 Tex. Civ. App. 576, 124 S. W. 733; Ferguson v. Land Building Co., 154 S. W. 303; Pryor v. Krause, 150 S. W. 972; Dunnagan v. E. T. Dev. Co., 198 S. W. 357; Roberts v. Sollibellus, 10 Tex. 352; Jordan v. Terry, 33 Tex. 680; Daugherty v. Cartwright, 31 Tex. 284; McKnight v. McKnight, 124 S. W. 735.

[3] It seems that, under the practice of this state, an appeal cannot be taken or a writ of error sued out in the name of a party who has died after judgment, nor can an appeal be taken or writ of error sued out against such a party.

[4] It seems that, under the practice adopted in this state, where a party to an action dies before a writ of error is sued out, it is required that a suggestion of such death be made by the plaintiff in error in the trial court, and that there be a revival in the action in the name of the proper parties, as a necessary condition precedent to a review by an appellate court. Teas v. Robinson, 11 Tex. 775; Telegraph Co. v. Wofford, 32 Tex. Civ. App. 427, 72 S. W. 620, 74 S. W. 943; Terry v. Schultz, 38 S. W. 374; Bargna v. Bargna, 157 S. W. 754; Simmang v. Cheney, 155 S. W. 1198.

While statutory provision has been made in this state for the prosecution of actions after the death of one of the parties thereto in many instances, it seems that we have no statutory provision for continuing the prosecution of a case against a successful party who dies after judgment and before a writ of error has been perfected. For instance, by article 1886 it is provided:

"Where in any suit the plaintiff shall die before verdict, if the cause of action be one which survives, the suit shall not abate by reason of such death, but the executor or administrator, and if there be no administration, and no necessity therefore, then the heir of such deceased plaintiff may appear, and, upon a suggestion of such death being entered of record, in open court, may be made plaintiff in such suit, and suit shall proceed in his name."

And by article 1888 it is provided:

"Where in any suit the defendant shall die before verdict, if the cause of action be one which survives, the suit shall not abate by reason of such death, but, upon a suggestion of such death being entered of record in open court, or upon a petition of the plaintiff, representing that fact, being filed with the clerk, it shall be his duty to issue a scire facias for the executor or administrator, and, in a proper case, for the heir of such deceased defendant, requiring him to appear and defend the suit; and, upon the return of such service, the suit shall proceed against such executor, administrator or heir, and such judgment may be rendered therein as may be authorized by law."

By article 1891 it is provided that where, in any suit, either party shall die between verdict and judgment, the judgment shall be entered as if both parties were living; and by article 2107 it is provided that—

"In case of the death of any party entitled to an appeal or writ of error, the same may be taken by his executor, administrator, or heir."

It will be observed at once, from the statutes quoted, that there is a hiatus in our statutory law, in that no provision has been made as to the procedure that shall be followed in continuing the prosecution of a case against a successful party who dies

after judgment and before the writ of error has been sued out. Therefore the rule of practice adopted in this state, in the absence of such a statute, must govern and be applied in writ of error proceedings; and, if we understand this practice, it is incumbent upon a party seeking a writ of error, where one of the successful parties has died after judgment and before the petition is filed, for the plaintiff in error to let this fact be shown in the petition therefor, and to ask for service upon the executor or administrator of such decedent, if there be one, and, if not, then the plaintiff in error should state these facts, and further show that no necessity for any such legal representative existed, and pray for citation against the heirs of decedent, whose names and places of residence should be given. This was clearly held in the case of Binyon v. Smith, 50 Tex. Civ. App. 398, 112 S. W. 138, and a writ of error was denied in that case.

[5, 6] We have shown that by article 1888, above mentioned, the clerk of the district court is required to issue scire facias for an executor or administrator, and in a proper case for the heir of the deceased defendant. The courts of this state have interpreted the expression "in a proper case" to mean cases were there was no administration and no necessity for any, or where it would be legally impossible to have an administration. If we are correct in our understanding of the practice adopted in this state in regard to the proceeding by writ of error, as above stated, it follows that, before a writ of error could be properly prosecuted against heirs of a decedent, it would be necessary to allege in the petition therefor that there was no administration upon decedent's estate, and no necessity for any, and that this showing would have to be made in the trial court, and could not be done in the Court of Civil Appeals, and especially so after the time for suing out a writ of error had expired.

[7] In the case of Webster v. Willis, 56 Tex. 474, it was said, among other things, "that the necessity for administration must be presumed in every case, unless facts be shown that make it an exception to the general rule."

It is our conclusion, upon the facts stated by us and the authorities above mentioned, that, before jurisdiction could be conferred upon this court to review the proceedings sought to be brought here by writ of error, it was incumbent upon the plaintiffs in error to show in their application for the writ that Mrs. Fannie Spivey had died since the judgment in this case, and that there was no administration upon her estate, and that there was no necessity for any, and then to name all of her heirs at law and their places of residence, and to make them parties to the writ, and also to name them as obligees in the writ of error bond.

We frankly concede that such holding, in this particular case, seems most harsh, indeed the height of injustice, because it is shown, without dispute, that, at the time the plaintiffs in error filed their petition for the writ, they never knew, and had no reason to suspect, that Mrs. Fannie Spivey was dead, she being a resident at the time of her death in a distant state, and there having elapsed only a few weeks between her death and the date of the suing out of the writ; but, in making this holding, we feel that we are bound by what has been declared by the Supreme Court of this state, and that we are not at liberty to disregard Supreme Court decisions, however harsh their application may be when applied to the facts of this case.

That the writ of error bond was not sufficient to confer jurisdiction upon this court to hear and determine this case, for the reason that all parties adversely interested to the plaintiffs in error in the judgment were not made obligees, see Johnson v. Robeson, 27 Tex. 527; Simmang v. Cheney, 155 S. W. 1198; Smith v. Parks, 55 Tex. 82; Railway Co. v. Neal, 65 S. W. 49. In Johnson v. Robeson, supra, the Supreme Court, speaking through Judge Moore, used this language:

"However great the hardship or apparent the injustice resulting therefrom, under the rules of practice and law, as settled by former decisions of this court, the writ of error in this case must be dismissed. The bond was unquestionably executed after the death of one of the parties to whom it is made payable, and it is clearly, therefore, a nullity, and gives no jurisdiction of the case on the writ of error to this court. Deal v. Rector, 12 Tex. 99. It cannot be regarded as sufficient to sustain the writ because one of the parties to whom it is executed was living, and, because the statute, as is insisted, does not prescribe to whom it shall be executed. If it might, as contended, have been properly executed to the clerk or other officer of court, it must be answered that this was not done. It purports to be given jointly to the plaintiffs in the court below. For the court, because the death of one of the obligees renders it void, to say that it is the bond of one of them only, would be to change by intendment and construction its terms and conditions, and to make it a different instrument from that designed by the obligors when they executed it. But we do not think a bond for a writ of error may be properly given to only one of the parties in whose favor the judgment to be reversed has been rendered. The law contemplates that all the parties to be affected by the writ of error shall be secured by the bond. Nor can the writ and bond be regarded as bringing before the court only so much of the judgment of the court below as benefits the party who was alive at the time the petition for the writ was filed, and the bond given. Such was not the object or application of the plaintiff in error by his petition for the writ of error, if the judgment may be thus divided and reviewed.

"The proposition to amend and cure the defects in the bond by executing a new one to

the proper parties, being made after the expiration of two years from the date of the judgment, would, if acted upon, be ineffectual to save the writ. The court in the case of Peabody v. Marks (Galveston term, 1860) decided that the petition for a writ of error must be filed and the bond given within two years from the judgment, to give jurisdiction to this court."

We have concluded that neither the petition for writ of error in this case, nor the bond, nor both together, were sufficient to confer jurisdiction upon this court to review the judgment attempted to be brought here.

[8, 9] If we are correct in this view, we think it follows that jurisdiction could not be conferred upon this court by waiver on the part of defendants in error or by estoppel on their part, as was interposed by the answer of plaintiffs in error to the motion to dismiss, as shown by us above, and we, therefore, are compelled to overrule such contentions made by plaintiffs in error in their answer. Nor can we sustain the contention made by plaintiffs in error, in their answer to the motion, to the effect that this court at least has jurisdiction and should review the proceedings below as to so much of the interest in the judgment as was in favor of the surviving substituted plaintiffs below, whom we have named, and also as to so much of the judgment as was awarded to the attorneys by the order of the trial court.

In disposing of this contention, we think it sufficient to say that the cause of action sued upon by the plaintiffs in this case was an entire, and not a severable, cause of action, and that the judgment rendered was not a divisible judgment. Nor has it been divided, as contended by counsel for plaintiffs in error. The character of this judgment, and the cause of action upon which it was based, are such that, if it should be reversed at all, it should be reversed in toto; and upon no theory, as we see it, could such judgment be reversed in part and affirmed in part. The fact that a one-half interest in the entire judgment was awarded by the trial judge to the attorneys can make no difference, we think, because these attorneys did not recover any part of this judgment against the plaintiffs in error, and their only interest in the same is contingent, and depends upon the ultimate result of the suit. It cannot be said that because the trial judge made an order awarding one-half of this judgment to said attorneys that so much of the judgment was divisible and became divided, and that, therefore, jurisdiction was conferred upon this court, at least to the extent of so much of the judgment as was awarded to said attorneys. We hardly think citation of authority necessary in support of our views on this point.

It follows from what we have said that this court is of the opinion that the motion to dismiss the writ of error should be sustained, and it will be ordered accordingly.

### On Motion for Further Findings of Fact.

HIGHTOWER, C. J. Since the order of this court was made sustaining the motion of defendants in error to dismiss the writ of error in this case, plaintiffs in error have requested this court to file additional and fuller findings of fact, and in response to such request we make the following additional and fuller findings, to wit:

1. The supersedeas bond which was filed by the plaintiffs in error with the district clerk of Polk county on April 22, 1920, was approved and filed by said clerk on that day.

2. We found as a fact, as will appear from the original opinion, that the defendants in error waived the issuance and service upon them of the citation in error in this case, and accepted service of such citation, but we did not set out in hæc verba the writing showing such waiver and acceptance. At the request of plaintiffs in error, we here now set out the waiver and acceptance of service in full, as follows:

"J. H. Spivey v. Saner-Ragley Lumber Co.
No. 4279.

"Come now Smith & Crawford, O. S. Parker, and Feagin, German & Feagin, of defendants in error in the above cause, and attorneys for all defendants in error therein, and being attorneys for all of the plaintiffs in said cause in the district court of Polk county, and hereby waive the issuance and service of citation in error upon the defendants in error, and hereby accept service of such citation. Hereby reserving such exceptions and objections as may properly be urged to the petition for writ of error.       Smith & Crawford,
       "O. S. Parker,
       "Feagin, German & Feagin,
"For Themselves and as Attorney of Record for All of the Plaintiffs in the Court Below, Defendants in Error.
"Filed May 13th, 1920.
       "C. B. Dunnam, Clerk,
       "Dist. Ct., Polk County, Tex."

3. We further find, at the request of plaintiffs in error, that defendants in error in this cause filed their briefs in this cause in this court on December 3, 1920.

These are the only additional findings of fact requested by plaintiffs in error, save one, which we are unable to make from the record in this case, as it existed at the time the motion to dismiss was submitted and disposed of.

It is ordered that the additional findings be filed by the clerk of this court as a part of the record in this cause.

### Additional Finding of Fact.

Since the original opinion in this cause was filed, by which it was ordered that the writ of error be dismissed, plaintiffs in error filed a motion requesting additional findings of fact, and, among other findings requested, was a finding that the defendants in error in this

cause are all the heirs of Mrs. Fannie Spivey, deceased. On the 15th inst, we granted the request as to several additional findings asked by plaintiffs in error, but at that time declined to find, as requested, that said defendants in error are all the heirs of Mrs. Fannie Spivey, deceased. Upon further consideration of the matter, however, we have concluded that in view of the entire record in this cause, this court would be justified in presuming and holding that the defendants in error are all the heirs at law of Mrs. Fannie Spivey, deceased, and we now hold and find that said defendants in error are, in fact, all the heirs at law of Mrs. Fannie Spivey, deceased.