## STROUD v. WARD.

### No. 1027.

Court of Civil Appeals of Texas. Waco.

Jan. 29, 1931.

Rehearing Denied March 26, 1931.

Ira Lawley, of Groesbeck, for appellant.

W. W. Mason, of Mexia, and C. S. Bradley, of Groesbeck, for appellee.

On Motion to Reinstate Appeal and to File Amended Bond.

ALEXANDER, J.

This suit was instituted in the Eighty-Seventh district court of Limestone county by Mrs. Alice P. Ward against J. R. Stroud and T. C. Williams and A. E. Williams to recover a debt and for the cancellation of an oil and gas mining lease. Judgment was for plaintiff against the defendant Stroud for her debt and against all defendants canceling the lease. Defendant Stroud gave notice of appeal and filed a supersedeas bond, payable to Mrs. Alice P. Ward, T. C. Williams, and A. E. Williams. At a former date this court sustained a motion to dismiss the appeal because it was shown that Mrs. Alice P. Ward, the plaintiff in the lower court, died after notice of appeal had been given but before the bond had been filed. The appellant in his motion for rehearing asks the court for permission to file

an amended supersedeas bond, payable to the temporary administrator of the estate of Mrs. Ward and to her heirs and devisees, naming them. The attorneys who represented Mrs. Ward in the trial court have filed in this court a motion as amici curiæ, in which it is urged that the case could not have been brought to this court by appeal in the first instance, and that, by reason thereof, the bond cannot be amended, and, even if it can be amended, the court will not have jurisdiction of the cause.

It is the contention of the amici curiæ that, where a plaintiff dies after judgment and before the appeal bond is filed, the only method for bringing the case before the Court of Civil Appeals is by writ of error, and that, since the cause could not have been brought before this court by an appeal in the first instance, the appellant cannot now perfect the appeal by filing an amended appeal bond. We have been unable to find any case wherein it has been decided whether or not such case can be removed to the Court of Civil Appeals by direct appeal. The case has been ably briefed by counsel on both sides, and they have cited us to no such authority.

By Revised Civil Statutes 1925, art. 2083, it is provided that, if either party dies after the verdict or before judgment, the judgment shall be entered as if both parties were alive.

By Revised Statutes, art. 1850, it is provided that, if a party dies after the appeal bond has been filed and approved, or after the citation in writ of error has been served, the suit shall not abate, but the court shall proceed as though all parties were alive.

By Revised Statutes, art. 2277, it is provided that, in case of the death of any party entitled to an appeal or writ of error, the same may be taken by his executor, administrator, or heirs.

█ It will be seen, therefore, that the Legislature has not prescribed any method of appeal nor designated who should be the appellees or defendants in error in the event the successful party in the trial court dies after the judgment in that court and before an appeal bond has been filed and approved or the citation in writ of error served. Saner v. Spivey (Tex. Civ. App.) 230 S. W. 878, 879, at page 883; Id. (Tex. Com. App.) 238 S. W. 912. A dissatisfied litigant, however, has the constitutional right to have his case reviewed by the Court of Civil Appeals. Our Supreme Court recognized this defect in our law as early as 1854, but held that such injured party should not be without his remedy. In the case of Teas v. Robinson, 11 Tex. 774, that court said:

"If the Legislature had provided no mode of bringing up cases, this Court has competent authority to have established such modes, and to have rendered them effectual for that pur-

pose; and in cases not provided for by statute, it is within the legal powers of the Court, to devise and authorize such appellate process as may be necessary to enforce its own jurisdiction, and secure the rights of parties interested a hearing and a revision of the judgments in this Court. If such were not the case, then there would be no mode, by which judgments in a condition similar to that in which the one before the Court is placed, could be revised. The death of the plaintiff in the judgment, in that event, would have been of signal advantage to his heirs. Their rights to the land would by this act of Divine Providence, be irrevocably established, and those of the defendant irrevocably defeated. Such cannot, legally, be the result of the death of one of the parties to a judgment. The right of the party against whom judgment is, cannot, from such cause, be extinguished. If the successful party dies after judgment, his representatives may be summoned and will be required to make their defence before the appellate Court, in order that the respective rights of the parties may be determined in the tribunal, which, by law, has the power of final adjudication. This rule of practice is in accordance with the received rules for interpreting statutes to prevent abatements in suits. They are construed liberally to promote the object designed."

In Tucker v. Anderson, 25 Tex. Supp. 155, the court there held that in such case, where the Legislature had not provided any appropriate means of appealing a case, the appellate court had authority to establish such modes and to render them effectual for that purpose. Since the above cases were decided, the practice of removing such cases to the appellate court by writ of error has become the well-recognized procedure. Binyon v. Smith, 50 Tex. Civ. App. 398, 112 S. W. 138; Western Union Telegraph Co. v. Wofford, 32 Tex. Civ. App. 427, 72 S. W. 620, 74 S. W. 943; Saner v. Spivey (Tex. Civ. App.) 230 S. W. 878, 879; Simmons v. Fisher, 46 Tex. 130. If the losing party dies before the appeal is perfected, his heirs or legal representatives file the application for writ of error. If the successful party in the lower court dies, his heirs or legal representatives are made defendants in the writ.

█ We do not find any law, however, that makes the remedy by writ of error exclusive. The same authority that created the right to remove a case to the Court of Civil Appeals by writ of error likewise created the right to so remove such case by appeal. The right of the one is one of equal dignity as the other. If the right to remove such case by writ of error, in the event of the death of one of the parties after judgment and before the appeal is perfected, had been created by the Legislature, we might reasonably assume that this remedy was exclusive. But the Legislature

has not spoken on the subject. The practice of removing such cases by writ of error grew out of the law of necessity. The courts, recognizing the constitutional right of appeal and realizing that the Legislature had not prescribed the mode of procedure, simply approved the procedure followed in the case as presented, of removing the case by writ of error. No court has ever held that such procedure was exclusive. If the courts, out of necessity, recognized the right to remove the case by writ of error, we see no valid reason why they should not likewise recognize the right to remove such case by appeal. We perceive no injurious results that would flow therefrom, and it would certainly meet the ends of justice in many cases to permit such relief.

On first presentation it may appear that, if the case is brought up by appeal, this would have the effect of making new parties—the heirs or legal representatives of the deceased person—for the first time in the Court of Civil Appeals, whereas, if the case is removed by writ of error, they would be made parties to the suit in the trial court. This difference, however, does not in fact exist. It is true that the petition for writ of error is filed in the lower court, but the trial court takes no action thereon. The petition may be filed after adjournment and while the court is in vacation. The clerk issues the citation in error and the defendants in error do not file their answer in the lower court, but are required to file same in the appellate court. They are therefore never required to enter their appearance in the trial court. Such heirs and legal representatives, when the suit is removed by writ of error, make their appearance in the suit for the first time in the appellate court.

██ In the case at bar Mrs. Ward was the plaintiff in the lower court. She participated in the trial until after judgment was entered and notice of appeal was given. Notice of appeal in the lower court takes the place of citation in error. Revised Statutes, art. 2253; Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945. The temporary administrator of Mrs. Ward's estate, who is sought to be made a party herein by the filing of the new bond payable to him, is in privy with her. The probate court, in the order appointing him, authorized him to defend all suits against the estate. Whether such ad-

ministrator would be charged with notice of the appeal by virtue of the notice of appeal having been given in the trial court while Mrs. Ward was alive, it is not necessary for us to determine. It has been held that when, under the statute, parties are permitted to file a new appeal bond in the Court of Civil Appeals, through which the rights of parties adversely interested but to whom the former bond was not made, may be affected, the order allowing this to be done may fully protect the rights of such parties by requiring notice to be given to them. First Nat. Bank v. Preston National Bank, 85 Tex. 560, 22 S. W. 579. A notice from this court would be as effective as a citation in error from the clerk of the trial court.

██ By Revised Statutes, art. 1840, it is provided that, where there is a defect in an appeal bond, the appellate court may allow the same to be amended. A supersedeas bond may likewise be amended. Revised Statutes, art. 2274. It has been held that a liberal rule should be employed in construing these statutes to accomplish the purpose of the Legislature, and that, if the original instrument is a bond at all, the amendment should be allowed. Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369; Williams v. Wiley, 96 Tex. 148, 71 S. W. 12.

██ The original bond filed in this case was payable to T. C. Williams and E. A. Williams, the appellant's codefendants, and to Mrs. Alice P. Ward, "and each and all of the other parties, plaintiff or defendant, to this suit, whether named herein or not," and was in every respect sufficient as a supersedeas bond, except that Mrs. Ward, one of the obligees named in the bond, was dead at the time it was filed. It was therefore such bond as could be amended. Newell v. Lafarelle (Tex. Civ. App.) 225 S. W. 853, par. 1, and cases there cited.

Being of the opinion that the suit could properly be removed to this court by an appeal in the first instance, and that the bond is susceptible of being amended, the other heretofore entered dismissing the appeal is set aside, and appellant is granted leave to file the amended supersedeas bond tendered by him in lieu of the original bond heretofore filed by him. The clerk of this court will issue proper notice to David Murphy, the temporary administrator of the estate of Mrs. Alice P. Ward, deceased.